Jerry Dean DILL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14156.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1968.

E. E. Zamrzla and John C. Monk, Jr., Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Jerry Dean Dill, hereinafter referred to as defendant, was charged, tried, and convicted for the crime of Burglary in the Second Degree, After Former Conviction of a Felony, sentenced to serve twenty years in the State Penitentiary, and from said judgment and sentence he appeals.

Briefly stated, the facts adduced as part of the State's case in chief, was that at approximately 1:30 in the morning of April 2, 1966, Officers Brown and Smith observed an automobile with a defective muffler. They followed this vehicle until it pulled into the circular drive at St. Anthony's Hospital where it stopped. The officers turned off the car lights and parked until the vehicle emerged from the circular drive. The officers then followed the automobile, signalled it to stop, and observed a sack being thrown from the right hand side of the vehicle as it stopped. Upon stopping the automobile driven by the defendant, they observed three other passengers in the car, whom they identified as Ronald B. Steele, Tommy Joe Holt and Wilford Wayne Simmons. The officers then recovered the sack which had been thrown from the car and found it contained hard narcotics which were identified as having been taken from the Langsam Prescription Shop, 1219 Classen Drive, Oklahoma City, Oklahoma, which had been burglarized earlier in which the glass door was broken. This concluded the State's evidence in chief and Ronald B. Steele, the sole witness called on behalf of the defendant testified in substance that on the date in question, he was at the Talk of the Town when Jerry Dill and Tommy Holt came in. He stated that Tommy received a telephone call about 11:30, and they then went to the Bonanza Drive Inn and picked up Sonny Simmons, who had experienced car trouble. He further stated that he did not see Jerry Dill throw anything out of the car. On cross-examination he stated he was convicted for the crime of Illegal Possession of Barbiturates in March, 1965, and served 30 days in the county jail.

The defense rested and thereafter, over the objection of the defendant, the State was allowed to call Dr. Mark R. Johnson who testified that he was a physician and his offices were located in the same building as the Langsam Prescription Shop. He testified that he was in his office the night of April 1, 1966, leaving about 12:30 in the morning of April 2nd, and at that time the door was secured. Thereafter Dr. Johnson testified that he later observed the premises of the pharmacy and that the glass door had been knocked out and there was considerable broken glass there. The defendant objected to this testimony and the Judge sustained the objection and admonished the jury to disregard it.

The next witness called in rebuttal was Officer Smith who was permitted to testify, over the objection of the defendant, that he had observed Simmons and Steele (the co-defendants) in the automobile driven by Dill and that they had fresh cuts on their hands and were bleeding. He further testified that this was the reason they took Simmons to the hospital.

The next rebuttal witness was William J. Mosley who, after being qualified as a fingerprint expert, testified that he had taken latent prints from the pharmacy and that these prints did not match the fingerprints of any of the defendants. This testimony was objected to, the objection was sustained, and the jury admonished to disregard it.

 There are a number of assignments of error urged on appeal, but we will consider only that assignment of error which necessitates a reversal of the conviction. Although the defendant did not request an instruction on circumstantial evidence, he now urges that in view of the weakness of the circumstantial evidence, that the failure of the trial court to instruct on this issue constitutes reversible error. In support of this the defendant relies on Knight v. State, 73 Okl.Cr. 107, 118 P.2d 255, wherein this Court held:

"Where the defendant does not request the instruction upon circumstantial evidence it might not always be grounds for reversal (Stump v. State, 66 Okl.Cr. 391, 92 P.2d 616), but in a case where the evidence is as weak as it is in the instant case, this instruction should have been given by the court to properly protect the rights of defendant."

He further relies upon Mayberry v. State, 64 Okl.Cr. 298, 79 P.2d 1027, wherein this Court said:

"While it does not appear that such an instruction [on circumstantial evidence] was requested, nevertheless, the defendants were entitled to have the case submitted to the jury on instructions fairly applicable to the evidence in the case."

We are of the opinion that the rule enunciated in Knight v. State, supra, and Mayberry v. State, supra, is controlling in the instant case, for the evidence against the defendant was wholly circumstantial and the trial court's failure to give an instruction on the same constitutes reversible error.

In accordance with the authority above set forth, this case is reversed and remanded for a new trial consistent with this opinion.

NIX, P. J., and BRETT, J., concur.