Jerry Dean DILL, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.

No. A–16270.

Court of Criminal Appeals of Oklahoma.

April 5, 1972.

Mac Oyler, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for respondent.

## OPINION

BRETT, Judge:

This is an original proceeding in which Petitioner, Jerry Dean Dill, seeks a writ of habeas corpus claiming that he is illegally confined in the Oklahoma State Penitentiary.

On July 19, 1964, petitioner was convicted in the District Court of Oklahoma County, case number 29960, of second degree burglary with punishment fixed at a five year suspended sentence. On June 20, 1966, petitioner was convicted in the Oklahoma County District Court, case number 31927, of second degree burglary, after former conviction of a felony, and sentenced to twenty years imprisonment. Ten days later, on June 30, 1966, petitioner's five year suspended sentence in case number 29960 was revoked. On July 1, 1966, petitioner was delivered to Oklahoma State Penitentiary to serve the five year sentence on case number 29960 and the twenty year sentence on case number 31927. The sentence in case number 29960 was satisfied on July 27, 1968. However, case number 31927 was reversed on appeal, Dill v. State, Okl.Cr., 437 P.2d 459. On remand of case number 31927 petitioner was convicted in the District Court on April 15, 1968, and received a ten year suspended sentence. On February 7, 1969, petitioner was convicted in Oklahoma County case number 35150 of grand larceny, after former conviction of a felony, and sentenced to one year imprisonment. On the same day, February 7, 1969, petitioner's ten year sentence in case number 31927 was revoked. Petitioner was then transported to Oklahoma State Penitentiary on February 21, 1969, to serve the ten year sentence in case number 31927, with the one year sentence in case number 35150 to be served thereafter.

Petitioner claims that the revocation in case number 31927 of the ten year suspended sentence is illegal, and that he has served sufficient time since February 21, 1969, to satisfy the one year sentence in case number 35150, and therefore he is entitled to be released from further confinement. Petitioner contends the revocation in case number 31927 was illegal because there were no terms or conditions imposed by the court at sentencing, and thus the revocation, based on a finding that "defendant has violated the terms of his suspended sentence" is unlawful under the rule of In re Collyar, Okl.Cr., 476 P.2d 354 (1970).

It is true that Collyar held: "The judge suspending a sentence shall specify the terms, if any, upon which such suspended sentence is conditioned; and responsibility for specifying such terms may not be delegated." 476 P.2d at 355. However, in Brooks v. State, Okl.Cr., 484 P.2d 1333, 1334 (1971), it was held that "a condition of a suspended sentence that a person may not commit a felony, is so basic and fundamental that any reasonable person would be aware of such condition."

Although it is possible for a sentencing judge to "suspend the execution of sentence . . . without probation," 22 O.S.1971 § 991a(1), or conditions which could be violated, it is apparent from the record before us that the sentencing judge who imposed petitioner's suspended sentence in case number 31927 did not intend to grant a suspended sentence without probation. Since petitioner was given a suspended sentence with probation, it was properly revoked because petitioner was convicted of a new felony even though such a condition was not spelled out in the judgment and sentence under the ruling of Brooks v. State, supra. Accordingly, we reject petitioner's contention that the suspended sentence in Oklahoma County case number 31927 was illegally revoked. Thus petitioner's claim of unlawful confinement thereunder is without merit.

Writ denied.

BUSSEY, P. J., and SIMMS, J., concur.