We granted the State's petition for certiorari on grounds that this is a case of "first impression."
Appellant Eddie Dean Wilcox pled guilty to a felony charge in Lauderdale County, Alabama, on October 9, 1978. On October 27, 1978, he was given a five-year "split" sentence: one year to be served in the Lauderdale County jail, followed by four years in the state penal institution; the four-year portion to be suspended, conditioned on his serving a probationary period of five years.
During his year-long tenure in the county jail, Wilcox attended two drug rehabilitation centers, one in Mobile and one in Gadsden. By letter, dated May 29, 1979, the trial court was notified of Wilcox's termination from attendance at the Gadsden center, based upon his noncompliance with prescribed procedures. Thereafter, Wilcox was returned to the county jail on June 6, 1979.
The order of probation in this case was signed on October 27, 1979; whereupon, Wilcox was released from the Lauderdale County jail to begin the five-year probationary portion of his sentence. Subsequent *Page 1056 
to the signing of its order of probation, the trial court, on November 30, 1979, for the first time, was informed of Defendant's November 29, 1979, conviction of grand larceny in Madison County, Alabama. This conviction resulted from an offense allegedly committed by Defendant on June 2, 1979, during his one-year sentence in the Lauderdale County jail and at the time he was attending the Gadsden Drug Alert Center.
On December 18, 1979, the Lauderdale Circuit Court conducted a probation revocation hearing. At this hearing, based upon its newly received information, the court ordered Wilcox's probationary status revoked. Appellant filed a motion for reconsideration; whereupon, the court conducted another hearing and again denied relief.
On May 6, 1980, the Alabama Court of Criminal Appeals reversed the action of the Lauderdale Circuit Court. We reverse and remand.
The Court of Criminal Appeals adopted Defendant's contention that the trial court erred in revoking his probation. The premise for this assertion was that, while Defendant concededly committed a felony after his original sentence (which included a period of probation), such offense took place before any formal conditions of that parole were presented to and accepted by the Appellant.
The Court of Criminal Appeals stated the general rule applicable to probation revocation hearings as follows: "There can be no violation of a term or condition of probation other than by commissive or omissive conduct during the probationary period." We adopt the general rule and expand it to include the proviso that probation may be revoked solely upon conviction of a subsequent crime, provided the subsequent conviction is valid. See O'Steen v. State, 261 So.2d 208 (Fla.App. 1972).
While aligning ourselves with the Court of Criminal Appeals in affirming the general rule applicable to probation revocation cases, we hold that the facts of the instant case fall outside its ambit of operation. Here, Appellant was given a five-year sentence — one year to be served in the county jail, with the remaining four years to be discharged by a five-year probationary term. Although the conditions of his probation were not explicitly set forth until the conclusion of the one-year county jail term, and at a time subsequent to his commission of the Madison County offense, he was already under a sentence which he clearly understood as including a five-year probationary period.
Defendant's indictment for a felony allegedly committed between the date of his original sentencing and the effective date of the probationary portion of that sentence — a fact known to Defendant but not to the sentencing court at the time of the hearing setting the conditions of Defendant's probation — cannot inure to the benefit of Defendant by invoking application of the above-referenced general rule. Furthermore, Defendant knew at the probationary hearing that his Madison County felony offense was scheduled for trial immediately thereafter — a fact (along with the fact of his earlier indictment) which he concealed from the sentencing trial court. It remains clear that Defendant was charged with a felony while serving a sentence which included a term of probation, and that he was later convicted of that charge prior to the court's order of revocation.
We hold, therefore, that where, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court is nevertheless authorized to revoke Defendant's probation for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense. In other words, the trial court did not err in finding that Defendant violated an implied condition of his probation when he committed the offense of grand larceny in Madison County. *Page 1057 
In Dill v. Page, Okla. Cr., 496 P.2d 127 (1972), petitioner was convicted of burglary, with punishment being fixed at a five-year suspended sentence. Thereafter, petitioner was convicted of a separate felony. Ten days later, petitioner's suspended sentence for his initial conviction was revoked. Petitioner charged that the revocation, based on a finding that "defendant has violated the terms of his suspended sentence," was improper, reasoning that no express terms or conditions of the five-year suspended sentence had ever been given petitioner by the court. We adopt the reasoning of the Dill court, quoting from one of its earlier opinions:
 "[I]n Brooks v. State, Okla. Cr., 484 P.2d 1333, 1334
(1971) it was held that `a condition of a suspended sentence that a person may not commit a felony is so basic and fundamental that any reasonable person would be aware of such condition.'"
REVERSED AND REMANDED.
All the Justices concur.