DeCARLO, Judge.
This is an appeal from a decision by the Mobile Circuit Court revoking the probation of the appellant. It is submitted to this court on briefs of the parties.
*1063 The record shows that the appellant pleaded guilty to grand larceny and was sentenced to three years in the penitentiary. The sentence was suspended and the appellant was placed on probation for a period of five years.
On May 9, 1980, a motion was made by the district attorney to revoke the probation. After a hearing on October 17, 1980, the motion was granted and probation was revoked.
During the hearing the State probation officer testified that one of the terms of appellant’s probation was that he could not possess a pistol. The State then produced a witness who testified that he had known the appellant for sixteen or seventeen years, and that, in 1980 he sold the appellant a gun. The witness admitted however, that the gun would not shoot because he had welded a metal rod into the barrel.
A detective from the Mobile County Sheriff’s Department testified that he was present at a preliminary hearing on May 6, 1980, wherein the appellant had been bound over to the grand jury on a homicide charge. Appellant’s probation was revoked on October 17, 1980. The record contains an amended statement of the case which indicates that on March 12, Í981, the appellant was acquitted of the murder charge by a Mobile County Circuit Court Jury.
The record shows compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). See Wilcox v. State, 395 So.2d 1054 (Ala.1981). Although the judge based his decision to revoke probation solely on the fact that appellant had been bound over at the preliminary hearing, there is other evidence in the record which shows that the appellant may be guilty of other breaches of his probation. In a supervisory report on delinquent probation, the probation officer listed the following four delinquent charges: (1) arrest on the homicide charge; (2) possession of a pistol; (3) possession, use, sale and distribution of drugs; and (4) association with felons. Any of the other charges apart from the homicide charge would have been sufficient to trigger revocation of appellant’s probation. The only evidence presented at the revocation hearing concerned the homicide charge and the possession of the pistol. No evidence was presented on the other two charges.
Therefore, we remand the cause to the Mobile District Court for an evidentiary hearing to determine the disposition of the homicide charge and whether or not these other charges can be substantiated so as to sustain the revocation.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
DeCARLO, Judge.
After return to remand the presiding judge of the Mobile District Court held an evidentiary hearing and found that, on March 12, 1981, the appellant had been found not guilty on the homicide charge. Also, the State withdrew its motion to revoke appellant’s probation. Therefore, the appeal is dismissed as moot.
APPEAL DISMISSED.
All the Judges concur.