Revocation of probation.
On September 18, 1979, appellant was convicted on guilty pleas of four charges of robbery. On November 2, 1979, he was sentenced to ten years' imprisonment on each count. On November 16, 1979, the trial court reduced the sentence in each case to twelve months in the penitentiary and three years on probation with "probation to start upon date of release." All sentences were to run concurrently.
The State's evidence indicated that on June 29, 1980, while serving his sentence at the Camden Work Release Center, the appellant was caught in possession of a small plastic bag containing marijuana. During the revocation hearing, the appellant admitted possessing the marijuana, but contended that he had just found the bag and was examining it when the guard confronted him. The trial judge, sitting as the trier of fact at the revocation hearing, found that the appellant had violated the Uniform Controlled Substances Act in possessing the marijuana. Probation was therefore revoked.
The issue before this court is whether probation can be revoked for an offense committed by the probationer while incarcerated and before the probationary period of his sentence begins. We conclude that the trial court was acting within its lawful authority in revoking the appellant's probation under the instant circumstances. Dispositive of this issue is the case of Ex parte State, ex rel. Attorney General (In re: EddieDean Wilcox v. State), Ala., 395 So.2d 1054 (1981), wherein our supreme court stated:
 "We hold, therefore, that where, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court is nevertheless authorized to revoke Defendant's probation for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense. . . ." (Emphasis added.)
AFFIRMED.
All the Judges concur.