TYSON, Judge.
Tommy Wray was indicted in a two count indictment for burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975- and receiving stolen property in the second degree in violation of § 13A-8-18, Code of Alabama 1975.
The appellant, through defense counsel, engaged in plea negotiations with the district attorney. Apparently, a bargain was reached in which the appellant pled guilty to burglary in the third degree and the State requested that the receiving stolen property charge be dismissed and did not make any recommendation regarding probation.
Following a pre-sentence investigation, the trial judge sentenced the appellant to five years’ imprisonment in the penitentiary. He then suspended the sentence and placed the appellant on three years’ probation.
On the day after the probation hearing, the appellant confessed that he had committed another burglary on the night before his probation hearing. Based on this information, the State filed a motion to reconsider the court’s order granting probation.
Following a hearing, the trial judge vacated his original order granting probation and entered a new order denying probation and requiring the appellant to serve the five year sentence.
I
The sole issue which we must decide in this case is whether the trial judge’s action in resentencing the appellant violated the Double Jeopardy Clause to the United States Constitution. Recently, the U.S. Eleventh Circuit addressed this very issue in United States v. Jones, 722 F.2d 632 (11th Cir.1983). The facts of Jones, supra, are almost identical to those in the appellant’s case.
In Jones, supra, the defendant pled guilty to converting pledged property and, in return, the government agreed to make no recommendation at the sentencing hearing. The trial court, after a presentence investigation, imposed a fine and a split sentence of four years’ imprisonment with all but six months suspended and five years’ probation. The six months were not to be served immediately but at a later time. A few days after the sentence hearing, the trial judge realized he was not aware of certain facts when he imposed the initial sentence upon the defendant. The trial judge made it clear that he was unaware of these facts through no fault of the defendant. He then resentenced the defendant to a straight four year term.
The Eleventh Circuit analyzed this case in light of a recent United States Supreme Court opinion in United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).
“In DiFrancesco, the defendant was convicted under the federal racketeering laws and sentenced as a dangerous special offender to two ten year prison terms to be served concurrently with each other and concurrently with a nine-year sentence imposed in unrelated federal proceedings. In other words, the district court imposed the equivalent of only one additional year’s incarceration under the dangerous special offender *1118 statute. The government appealed the sentence on the ground that the district court abused its discretion by imposing only one additional year. Believing it could not enhance a sentence on an appeal by the government, the court of appeals dismissed the appeal on double jeopardy grounds. The Supreme Court granted certiorari and reversed.”
Jones, supra at 636.
The Supreme Court held in DiFrancesco, supra, that since a statute gave the government a right to appeal, DiFrancesco could not have an expectation of finality in his sentence until the State’s appeal had been decided. Therefore, his sentence could be increased without violating the Double Jeopardy Clause of the United States Constitution.
In Jones, supra, the Eleventh Circuit stated that:
“[Although the Court in DiFrancesco addressed a different issue from the precise issue now before us, it enumerated governing principles that guide our resolution of this case. First, the Court observed that ‘the pronouncement of sentence has never carried the finality that attaches to an acquittal.’ 101 S.Ct. at 435. Specifically referring to parole, the Court explained, ‘[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be.’ Id. at 437. Of particular importance to Jones’ appeal is the Court’s statement that ‘the established practice in the federal courts[1] [is] that the sentencing judge may recall the defendant and increase his sentence, at least (and we venture no comment as to this limitation) so long as he has not yet begun to serve that sentence.’ Id. at 436.
“This case falls squarely within the conditional parenthetical. We know from DiFrancesco that the sentencing court may enhance a defendant’s sentence ‘at least ... so long as he has not yet begun to serve that sentence.” Id. (emphasis supplied). Here we find that Jones had begun to serve his sentence.[2] The Supreme Court, however, ‘venture[d] no comment as to this [pre-service] limitation.’ Id. Under DiFrancesco, then, the district judge may or may not be able, within the strictures of the Double Jeopardy Clause to enhance sentence once service has begun.
“In order to resolve this issue, we return to DiFrancesco for further guidance.
“We are able to draw two lessons from that opinion. First, the Double Jeopardy Clause bars multiple punishment, i.e., punishment in excess of that permitted by law. Id. at 438. Second, the Double Jeopardy Clause respects the defendant’s ‘legitimate expectations’ as to the length of his sentence. Id. at 437.”
As in Jones, supra, we find that the resentencing of this appellant did not constitute multiple punishment.[3] The court in Jones, supra, did conclude that Jones’ legitimate expectations with respect to the finality of his sentence were frustrated by his resentencing.
“[Ujnless [a] statute explicitly provides for sentence modification, as in DiFran-cesco, or the defendant knowingly engages in deception, a sentence may not be altered in a manner prejudicial to the defendant after he has started serving the sentence.”
Jones, supra at 638.
Thus, unless one of the two exceptions apply, any enhancement of punish *1119 ment after one has begun to serve his sentence is in violation of the Double Jeopardy Clause. Since there is no statute in Alabama which authorizes modification of a sentence once it has been imposed, we can only find that the resentencing of the appellant did not constitute double jeopardy if we find that the appellant knowingly deceived the trial judge.
The Court in Jones, supra, stated that one who intentionally deceives a trial judge “will have purposely created any error on the sentencer’s part and thus can have no legitimate expectation regarding the sentence there procured ...” and therefore the resentencing of one who engages in deceiving the trial judge can be resen-tenced without violating the Double Jeopardy Clause. Jones, supra at 638.
It can be said that the appellant intentionally deceived the trial judge by not telling him that he had committed another crime before the sentence hearing. However, the Eleventh Circuit stated that it would be difficult for an appellate court to determine when a defendant’s expectations are not legitimate since this is a subjective analysis. Furthermore, the Court stated in footnote 6 that:
“[W]e need not decide whether this rule applies where the defendant unintentionally misrepresents his affairs or withholds pertinent information in the sentencing process, and we express no opinion on this issue.”
Jones, supra at 639. (Emphasis added).
It seems clear that the appellant did withhold pertinent information from the trial judge at his first sentence hearing. However, we are not inclined (and it appears that neither was the Eleventh Circuit) to adopt a rule which requires a defendant to confess other crimes which he had committed during his sentencing hearing. To do so would be in violation of his sacred right against self-incrimination. Since the appellant in this case was under no obligation to so incriminate himself, we find the appellant did have a legitimate expectation in the finality of his sentence. Therefore, the resentencing of this appellant was in violation of the Double Jeopardy Clause in the Fifth Amendment to the United States Constitution.
For the reasons stated above, we remand this cause to the trial court with instructions to resentence the appellant in accordance with this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.

. This has also been the established practice of the Alabama Courts. See Brown v. State, 376 So.2d 1382 (Ala.Crim.App.1979).

. As in Jones, it is clear that the appellant had begun to serve his sentence before he was resen-tenced.

. The appellant was convicted of Burglary in the Third Degree which is a Class C felony. The range of punishment for a Class C felony is for no more than ten years or less than one year and one day. Since the appellant’s five year sentence was within the range of punishment for a Class C felony, it is not multiple punishment in violation of the Double Jeopardy Clause.