We granted certiorari in this case to review the Court of Criminal Appeals' reversal of the Marshall County Circuit Court's judgment, wherein that court reconsidered its grant of probation and ordered the defendant to begin serving his original five-year sentence. According to the Court of Criminal Appeals,472 So.2d 1116, the trial court resentenced the defendant and this violated the Double Jeopardy Clause of the United States Constitution. We do not agree. The judgment of the Court of Criminal Appeals is reversed.
The defendant, Tommy Wray, was indicted for burglary in the third degree and receiving stolen property in the second degree. Pursuant to a plea bargain agreement, Wray pleaded guilty to the burglary charge, and, in return, the state requested that the receiving stolen property charge be dismissed. Also as part of the agreement, the state refrained from making any recommendation regarding Wray's request for probation.
Following a pre-sentence investigation, the trial court conducted a sentencing hearing on April 5, 1984. After listening to the testimony offered by Wray and considering the pre-sentence report, the court sentenced Wray to five years' imprisonment in the penitentiary. The court then suspended the sentence and placed Wray on three years' probation.
A few days later, Wray confessed to committing two other burglaries on April 4, 1984, the night before the sentencing hearing. Based upon this newly discovered information, the state filed a motion with the trial court seeking reconsideration of the court's grant of probation. The court conducted a hearing, and, after reviewing the testimony offered by both sides, vacated its original order granting probation and required *Page 1121 
Wray to begin serving the five-year sentence.
On appeal, the Court of Criminal Appeals referred to the trial court's action as "resentencing," and subsequently held that it violated the Double Jeopardy Clause of the United States Constitution. After an application for rehearing was overruled, the state filed a petition for a writ of certiorari, which we granted.
The dispositive issue raised for our review is whether the Court of Criminal Appeals erred when it held that the trial court resentenced Wray, and, therefore, that Wray's constitutional protection against double jeopardy was violated. We are of the opinion that the Court of Criminal Appeals did so err, and, for the reasons that follow, we reverse its judgment.
Alabama courts are authorized by statute to grant probation in certain cases. Section 15-22-50, Code 1975, states in pertinent part:
 Circuit courts and district courts, subject to the provisions and conditions hereinafter provided, may suspend execution of sentence and place on probation any person convicted of a crime in any court exercising criminal jurisdiction. . . . [T]he court, after a plea of guilty, after the returning of a verdict of guilty by the jury or after the entry of a judgment of guilty by the court, may suspend execution of sentence and place the defendant on probation, or may impose a fine within the limits fixed by law and also place the defendant on probation.
This power of the courts to grant probation is a matter of grace, and lies entirely within the sound discretion of the trial court.Sparks v. State, 40 Ala. App. 551, 119 So.2d 596 (1959), cert. denied, 270 Ala. 488, 119 So.2d 600 (1960); Smitherman v. State,340 So.2d 896 (Ala.Crim.App.), cert. denied, 340 So.2d 900 (Ala. 1976).
We now turn to the question of whether the trial court's actions amounted to a resentencing of Wray.
We have recently held that a grant of probation does not reduce a sentence, but rather that the original sentence which was suspended remains the same. State v. Green, 436 So.2d 803 (Ala. 1983). Since a grant of probation does not reduce a sentence, it necessarily follows that the revocation of probation does not increase a sentence. Based upon our holding in Green, Wray's original sentence of five years remained the same throughout the trial court's actions regarding probation. Therefore, the court's grant and reconsideration of probation was not a resentencing of Wray — his original sentence of five years' imprisonment remained unchanged.
Since Wray was not resentenced, the Double Jeopardy Clause was not violated. To hold otherwise would be to drastically change the nature of probation itself. If probation, once granted by a court, could not be renounced by that court without the action amounting to a resentencing, then no court could ever reconsider and renounce its grant of probation without offending the Double Jeopardy Clause. We do not believe this to be the intent of the legislature when it empowered the courts with absolute discretion regarding probation.
When the court exercised its power and suspended Wray's sentence and placed him on probation, it was acting without knowledge of the two burglaries which Wray had committed only hours before. The court's suspension of Wray's sentence, therefore, was based upon an incomplete set of facts. In order for the court to be able to fully utilize its power concerning probation, it must be able to reconsider its original grant in a case like the one before us.
The purpose of § 15-22-50, Code 1975, is to "ameliorate the harshness of the law's judgment and give the convict a chance to show that he or she is a fit subject and may be rehabilitated and become an acceptable citizen." State v. Esdale, 253 Ala. 550,45 So.2d 865 (1950). Wray does not seem to be a person who is ready to reform his life and be rehabilitated. On the contrary, he knew that the very next day the court would be considering *Page 1122 
his request for probation, and, with this in mind, he decided to commit two more burglaries. He also should have known that if the court gained knowledge of these most recent crimes, his request for probation would be denied — yet he nevertheless committed the burglaries. We are of the opinion that, had the court known about these new burglaries, it most assuredly would not have chosen to suspend sentence and grant probation. But even if it had, that decision must be left up to the trial court, and it must be made based on a knowledge of the complete facts and circumstances. If a court receives new information concerning its grant of probation, as in the case sub judice, its hands must not be tied, but it must be allowed to vacate its original grant of probation and order that the original, unchanged, suspended sentence be served.
We find further support for our decision in the case of Wilcoxv. State, 395 So.2d 1054 (Ala. 1981). In Wilcox, we held that the trial court had the power to revoke the defendant's probation when the court learned, after already having signed the probation order, that the defendant had committed a felony before the terms of his probation came into effect. We are of the opinion that this holding is precedent in the instant case to allow the court to revoke its grant of probation based upon newly obtained knowledge that Wray had committed two burglaries the night before his sentencing hearing. In Wilcox, the defendant knew that he was under a sentence which included a five-year probationary period which began after his one-year term in the county jail expired. Although this is not the case here, Wray had filed a request for probation and did know that the court would be acting on the request in a matter of hours. In both cases the defendants committed crimes which they knew would affect their probation, once they were discovered by the courts.
In Wilcox, even though the defendant was not yet technically "on probation," we held that his conviction for a crime committed subsequent to his original conviction for a crime committed subsequent to his original conviction and sentencing, which was unknown by the court at the time it granted probation, could serve as a basis for the court's revocation of probation. We are of the opinion that the ratio decidendi of the Wilcox decision is applicable in this case.
For all of the above-stated reasons, we reverse the judgment of the Court of Criminal Appeals and reinstate the judgment of the trial court.
REVERSED; JUDGMENT OF TRIAL COURT REINSTATED.
MADDOX, FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and ALMON, J., not sitting.