James Nelson Turner pleaded guilty to and was convicted of third degree burglary and receiving stolen property in the first degree. His concurrent sentences of five years' imprisonment were split so that he would serve one year in prison and four years on probation.
During his first nine months in prison, Turner received three disciplinaries and had eleven fights with other inmates. The trial judge revoked Turner's probation because Turner "mess[ed] up on a split sentence" before Turner had finished serving his one year in prison.
 I
Probation can be revoked for the violation of a condition of that probation committed by the probationer while incarcerated and before the probationary period of his sentence begins.Wilcox v. State, 395 So.2d 1054, 1056 (Ala. 1981); Touch v.State, 399 So.2d 934, 935 (Ala.Cr.App. 1981).
 II
The judge's order of revocation does not contain a written statement of the evidence relied on and the reasons for revoking probation as required by Armstrong v. State, 294 Ala. 100,103, 312 So.2d 620 (1975). Therefore, this cause is remanded to the circuit court so that the requirements ofArmstrong, supra, can be satisfied. *Page 935 
On appeal, the Attorney General admits the necessity for this action.
REMANDED WITH DIRECTIONS.
All Judges concur.
 ON RETURN TO REMAND