TYSON, Judge.
This is an appeal from an order of the circuit court revoking the probation of Bernard Williams.
On May 31, 1988, this appellant was sentenced under the “Split Sentence Act” to serve 3 years of a 10 year sentence and that the remaining 7 years were to be suspended on condition that the appellant be placed on 5 years’ probation.
On May 19, 1990, the State, having filed notices of certain disciplinary actions which were brought to the attention of the circuit court regarding matters which occurred while serving the 3 year sentence, the cause was set for hearing on May 30, 1990. Following the hearing, it was established that this appellant had received several disciplinary actions from the Alabama Department of Corrections, and the circuit court then ordered the revocation of the appellant’s probation even though the appellant was then serving his sentence in the penitentiary, pursuant to the provisions of § 15-18-8, Code of Alabama 1975 as amended.
I
The State of Alabama, through the attorney general, has moved to remand this cause to the circuit court for more specific findings pursuant to the provisions of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). See also Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
The trial court shall make due return within 45 days from date of this opinion showing specifically, by written statement, the facts and evidence relied upon in revoking this appellant’s probation. See Vogel v. State, 543 So.2d 200 (Ala.Crim.App.1989) and Wilcox v. State, 395 So.2d 1054 (Ala.1981). See also Wray v. State, 472 So.2d 1119 (Ala.1985) and Ringstaffv. State, 480 So.2d 50 (Ala.Crim.App.1985).
For the reasons stated, this case is hereby remanded with directions for the trial court to make a written statements as to the evidence relied upon and to state its reasons for revoking probation, with applicable legal authorities cited. Due return shall be filed with this court by the circuit court as hereinabove set forth.
REMANDED WITH DIRECTIONS.
All the Judges concur.