ON RETURN TO REMAND
TYSON, Judge.
On November 16, 1990, this court unanimously, with opinion, remanded this cause for the trial court to enter its order and judgment specifically stating the evidence relied upon and its reasons for revoking this appellant’s probation, citing the applicable legal authorities. As directed in Williams [571 So.2d 410], the trial court has entered its order and judgment and has filed its return to remand.
That order has been filed in this court and reads as follows:
“STATE OF ALABAMA,
Plaintiff,
“vs.
“BERNARD WILLIAMS,
Defendant,
“IN THE CIRCUIT COURT
“CHOCTAW COUNTY,
“ALABAMA.
“CRIMINAL ACTION NO.
“CC-88-016
“STATEMENT (ON REMAND)
“This matter was remanded to the circuit court by the Alabama Court of Criminal Appeals for a written statement of facts and evidence relied on in revoking the appellant’s probation. “The defendant, Bernard Williams, was sentenced on the 31st day of May, 1988, to serve three years of a ten year sentence, with the remaining seven years suspended and the defendant to *72 be placed on probation for a period of five years.
“A Petition to Revoke the Defendant’s Probation was filed by the District Attorney on the 17th day of May, 1990. A hearing was held on said Petition on the 30th day of May 1990.
“At said hearing the State of Alabama offered as State’s Exhibit Number One, copies of ten disciplinary actions taken against the defendant by the Board of Corrections, said Exhibit received in evidence.
“It is clear from reading the Alabama ‘Split Sentence Act’, and related cases interpreting said Act, that this Court retains jurisdiction of a prisoner serving under the ‘Split Sentence Act’ to shorten the period of incarceration and to shorten or change the period of probation. It is not clear, however, whether a circuit court has the authority to deny probation to a defendant based on his behavior while serving a period of incarceration prior to being placed on probation.
“The Court’s decision to revoke Bernard William’s probation in this cause was based on his conduct while incarcerated at the Department of Corrections as shown in State’s Exhibit Number One.
“This Court strongly feels that a defendant sentenced under the Alabama ‘Split Sentence Act’ earns the probationary aspect of that sentence based upon his conduct during the period of incarceration. It is inconceivable that a defendant, such as Bernard Williams, can act in total disregard to the Department of Correction’s rules, regulations and policies and then automatically be entitled to be placed on probation at the end of the period of incarceration set out in his original sentence. “THIS the 4th day of December, 1990.
“s/s J. Richmond Pearson
“Circuit Judge”
The judgment of the trial court is herein-above set forth.
The State of Alabama in its brief filed on return to remand has set forth the issue and the applicable legal authorities and, for convenience, that issue and those authorities are hereinafter set forth.
“The Appellant argues that the trial court erred in revoking his probation for offenses committed while he was still incarcerated and before the probationary period of his sentence began. The State disagrees.
“In Ex parte State ex rel. Attorney General, (In Re: Eddie Dean Wilcox v. State), 395 So.2d 1054, 1056 (Ala.1981), the Supreme Court stated:
“ ‘We hold, therefore, that where, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court is nevertheless authorized to revoke Defendant’s probation for violation of a condition implicit in every suspended or probationary sentence; that Defendant, while under such sentence, will not commit another criminal offense.... (emphasis added)’
“See also: Touch v. State, 399 So.2d 934, 935 (Ala.Cr.App.1981).
“Thus, based upon the above authority the trial court had the power to revoke the prospective probationary period if it was reasonably satisfied that the Appellant violated one or more terms of his probation. Herein, the Appellant had ten disciplinary infractions that he committed since his incarceration. The State submits these infractions violated the terms of the Appellant’s probation. Likewise, the trial court’s order on remand reflects that the Appellant’s probation was revoked based on these infractions and on the Appellant’s total disregard of the Department of Correction’s rules and regulations.
“Granted, the Appellant, unlike the defendants in Wilcox and Touch, has not been charged or convicted of a subsequent felony. However, in Turner v. State, 516 So.2d 934 (Ala.Cr.App.1987), this Court upheld a similar order of revocation that was based, not on a subse-
*73 quent felony, but on numerous discipli-narles which the defendant had received in his first nine months of imprisonment.” (State’s brief, p. 4, 5)
As is appropriately pointed out in brief, this cause is identical to Turner. Therefore, on authority of Turner, Wilcox, and Touch, the judgment of the trial court is due to be, and it is hereby affirmed.
AFFIRMED.
All the Judges concur.