BOWEN, Presiding Judge.
This is an appeal from the revocation of probation. Lebarron Dewayne Hill, the appellant, pleaded guilty and was convicted of first degree theft and three counts of receiving stolen property in the first degree. On May 22,1991, the appellant was sentenced to concurrent sentences of 15 years’ imprisonment. Those sentences were “split” and the appellant was ordered to serve three years’ imprisonment and five years on probation “pending defendant’s good behavior and compliance with the conditions of probation.” R. 6.
Before the appellant had completed his term of actual imprisonment, his future probation was revoked on September 22, 1992, based upon his receipt of eight prison disci-plinaries for violations of various prison disciplinary rules including fighting, insubordination, refusing to work, destruction of state property, presence in unauthorized area, and being involved in a “near riot.”
The appellant contends that his probation should not have been revoked because he was never informed that his future probation was contingent upon his obeying prison rules and regulations. Even if obeying prison rules is not encompassed within the specific “good behavior” provision of the grant of probation, we find that compliance with prison rules and regulations is a condition implicit in every grant of probation awarded as part of a “split” sentence that includes time in prison.
In Wilcox v. State, 395 So.2d 1054, 1056 (Ala.1981), the Alabama Supreme Court stated:
“We hold, therefore, that where, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court is nevertheless authorized to revoke Defendant’s probation for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense.”
The principle that there are implicit conditions in every probationary sentence applies here. See Patterson v. State, 572 So.2d 508 (Ala.Cr.App.1990); Williams v. State, 571 So.2d 410 (Ala.Cr.App.1990); Turner v. State, 516 So.2d 934 (Ala.Cr.App.1987).
This Court has addressed the only issue raised on appeal. The judgment of the circuit court revoking the appellant’s “split sentence” and probation is affirmed.
AFFIRMED.
All Judges concur.