On February 1, 2006, pursuant to a negotiated agreement, the appellant, Wade Robert Adams, pled guilty to second-degree robbery and first-degree burglary. The trial court sentenced him to serve concurrent terms of twenty years in prison, but split the sentences and ordered him to serve five years followed by five years on supervised probation. On April 20, 2006, the State filed a "Motion to Revoke Probation." After conducting a hearing, the circuit court revoked the appellant's probation. This appeal followed.
The following facts from the circuit court's written revocation order are helpful to an understanding of this case:
 "On February 01, 2006, Defendant, Robert Wade Adams entered into a plea agreement with the State of Alabama whereby he agreed to plead guilty to the charges of Robbery 2nd Degree in Case Number CC 05-102 and Burglary 1st Degree in Case Number CC 06-008. In exchange the State dismissed of Rape 1st Degree and Theft of Property 2nd Degree in Case Number CC 05-102 and Robbery 1st Degree, Theft 2nd Degree and Assault 2nd Degree in Case Number 06-008. Defendant specifically indicated that he would `testify truthfully in any subsequent proceedings' involving Co-Defendants in either of the cases. During the course of colloquy with the Court, the Defendant acknowledged that he had provided statements to law enforcement in both cases and that any subsequent testimony would be consistent with those statements. *Page 1158 
 "Robert Wade Adams was called as a witness by the State of Alabama in the case of State of Alabama v. Wesley Leland Sharp, CC 05-124. Defendant had made the State aware that he intended to invoke his Fifth Amendment privilege against self incrimination alleging that if he testified it would be differently from the statements that he had provided law enforcement and, therefore, he refused to testify on the grounds that he could be charged with perjury. A hearing was conducted outside the presence of the jury at which time the Defendant did refuse to answer any questions regarding the involvement of Wesley Leland Sharpe in the alleged Rape. Subsequently, the Court granted Defendant immunity from a perjury charge and Defendant was called as a rebuttal witness to the defense's position. The Defendant did testify contrary to his original statement.
 "The State contends that the Defendant's behavior violated the terms and conditions of the plea agreement which provided for a five year split on the twenty year sentence followed by five years of probation. The Defendant contends that the appropriate action of the State would be a Motion to set aside the plea agreement and provide the Defendant with a jury trial on the initial charges. It is the finding of the Court that this Court maintain jurisdiction as a result of the issuance of a five year split on the twenty year sentence followed by probation. It is the further finding of the Court that the suspension on the balance of the sentence was also conditioned on testimony provided by Robert Wade Adams that he asserted in his plea agreement would be consistent with his statement. It is the determination of the Court that probation is due to be revoked and it is ORDERED Defendant, Robert Wade Adams, shall serve the twenty year sentence in Case Number CC 05-102 and CC 06-008 straight."
(C.R. 80-82.)
The appellant argues that the circuit court erroneously revoked his probation based on his failure to comply with the conditions set forth in his plea agreement because compliance with the conditions of the plea agreement was not a condition of his probation. Rule 27.6(e), Ala. R.Crim. P., provides, in pertinent part:
 "Probation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation."
However, this court has recognized that there are certain conditions of probation that are implicit in every probationary sentence. See Hill v. State, 624 So.2d 1102
(Ala.Crim.App. 1993) (holding that every probationary sentence includes the implicit condition that a probationer serving a split sentence will comply with prison rules and regulations while on probation); Wilcox v. State, 395 So.2d 1054
(Ala. 1981) (holding that every probationary sentence includes the implicit condition that the probationer will not commit another criminal offense while on probation).
In this case, the appellant received a split sentence and a term of probation based on a plea agreement that was conditioned on his future performance. Logically, if he did not perform in accordance with the plea agreement, he would not be entitled to enjoy the benefits of that agreement. Because the appellant received probation pursuant to a conditional plea agreement, compliance with the conditions set forth in the agreement was an implicit condition of the appellant's probation. Cf.Hill, supra; Wilcox, supra. Therefore, failure to comply with the conditions of his plea agreement constituted a violation of his probation, and the circuit court properly revoked his probation on that ground. *Page 1159 
Accordingly, we affirm the circuit court's judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.