490 A.2d 745

**Tyrone Darnell ELIAS**

v.

**STATE of Maryland.**

**No. 1050, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

April 11, 1985.

Mark Colvin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, and J. Frederick Price, State's Atty. for Kent County of Chestertown, on the brief), for appellee.

Submitted before MOYLAN, ADKINS, and KARWACKI, JJ.

KARWACKI, Judge.

Tyrone Darnell Elias, the appellant, pleaded guilty in the Circuit Court for Kent County to one count of daytime housebreaking and two counts of uttering. On May 17, 1978, he was sentenced to twenty years in prison, ten of the twenty years being suspended on the condition that the appellant complete five years of probation. The sentencing judge ordered that the probationary period was to commence upon the appellant's actual release from prison. As conditions of his probation, the appellant was ordered to make restitution, to pay court costs, and to reimburse the State for services rendered by the Public Defender.

On May 26, 1982, after serving slightly more than four years of the 10 year unsuspended portion of his sentence, the appellant was paroled. On July 9, 1984, a petition was filed in the lower court charging the appellant with violating his probation. Evidence produced at a hearing on the alleged violation showed that on May 22, 1984, the appellant had been convicted in the District Court of Maryland for Baltimore City of possession of marijuana. In light of the small amount of marijuana involved, the District Court Judge imposed a $100 fine in lieu of imprisonment or probation.

Additional evidence was produced to show that, in all other respects, the appellant had complied with the conditions of probation. He had made restitution; he had paid court costs and reimbursed the Public Defender in full; he kept in regular contact with his probation officer; and he had obtained employment and was working steadily at the time of the revocation hearing. Prior to that hearing, the Parole Board had reviewed his case when the appellant's May 22, 1984 conviction was brought to its attention, but, in light of the circumstances, had decided not to revoke his parole.

At the probation revocation hearing the State called Arthur Ford, a field supervisor for the Department of Parole and Probation. In view of the fact that the appellant was

working steadily, supporting his dependents, and had paid full restitution, court costs and counsel fees, Mr. Ford recommended that the appellant's probation be continued. The trial judge, however, revoked the appellant's probation and imposed five years imprisonment. In his appeal from that judgment, the appellant raises two contentions:

I. The lower court lacked the authority on May 17, 1978 to order that his probation was to commence on the date of his actual release from prison on parole from the unsuspended portion of his sentence; therefore he was not legally on probation when he was convicted in the District Court on May 22, 1984.

II. The trial judge abused his discretion in revoking his probation.

Because we will reverse the lower court's judgment based upon the appellant's first argument, we need not reach his second contention.

The appellant's original sentencing on May 17, 1978 was governed by Maryland Code (1957, 1976 Repl.Vol.), Art. 27, § 641A. That section read as follows:

Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the courts deem proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years.

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If the offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to the imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and

judgment. The court may revoke or modify any condition of probation or may reduce the period of probation.

In so providing for the imposition of a split sentence upon a criminal offender, the Legislature did not authorize the sentencing judge to begin the probationary term prior to the expiration of the unsuspended portion of the sentence. As the Court of Appeals has stated in dealing with this precise statute; "[t]he court's authority to suspend the execution of sentence and to place a defendant on probation derives directly from the statute which strictly delineates its power in this respect." *Kupfer v. State,* 287 Md. 540, 543, 414 A.2d 907 (1980). In *Kupfer* the Court of Appeals held that, absent a grant of statutory authority, a trial court had no authority to extend a defendant's term of probation beyond five years for purposes of restitution, even with the defendant's written consent. After that decision, Art. 27, § 641A, *supra,* was amended to allow extension of the probationary period beyond five years with the consent of the defendant, but only for purposes of restitution. Ch. 398, § 1 of the Acts of 1981. And in *Christian v. State,* 62 Md.App. 296, 489 A.2d 64 (1985), we held that it was impermissible, under the same sentencing statute we here consider, for a trial judge to impose by subsequent extensions of the probationary period a total probationary term in excess of five years. *See also State ex rel. Sonner v. Shearin,* 272 Md. 502, 512–513, 325 A.2d 573 (1974).

The State urges that, in the face of statutory silence on the matter, the exercise of jurisdiction over the appellant by the trial court from the date of his actual release from prison (May of 1982) rather than at the beginning of the suspended portion of his sentence (May of 1988) is within the traditional powers of a sentencing judge. This action, it is urged, is merely one of the "terms and conditions" that the judge deemed proper. We disagree. The imposition of probation from the date of the actual release of a defendant from prison involves more than the trial court's setting terms and conditions of the defendant's probation. In the

case *sub judice*, this action by the sentencing court in effect placed the appellant under the dual supervision of the Parole Board, which monitored his behavior for conformance with the conditions of his parole, and of the sentencing judge, who reserved the right to determine whether the conditions of probation have been met. Absent an express grant of authority for such dual supervision, we will not read that authority into Article 27, § 641A, *supra*, as framed in 1978.

Indeed, subsequent to the appellant's original sentencing § 641A was amended so that, at present, it reads as follows:

(a) Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years. However, if the defendant consents in writing, the court may grant probation in excess of 5 years, but only for purposes of making restitution.

(b) Probation may be granted whether the offense is punishable by fine or imprisonment or both. If the offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to the imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment. The court may revoke or modify any condition of probation or may reduce the period of probation.

(c) If a sentence of imprisonment is imposed, a portion of it is suspended, and the defendant is placed on probation, the court may impose as a condition of probation that the probation commence on the date the defendant is actually released from imprisonment.

Maryland Code (1957, 1982 Repl.Vol., 1984 Supp.), Art. 27, § 641A. Subsection (c) of the present statute was added by Chapter 689, Acts of 1982, effective July 1, 1982. The legislative history of this amendment supports our view of the state of the law in 1978.

House Bill 1137, which proposed this amendment, was introduced at the 1982 session of the General Assembly on behalf of the Conference of Circuit Judges.[1] A memorandum dated April 6, 1982, from Robert W. McKeever, Esq., Conference Secretary, to the Honorable J. Joseph Curran, Jr., who then chaired the Senate Judicial Proceedings Committee, set forth the purpose of that bill, from the viewpoint of the Conference of Circuit Judges:

> The purpose of the bill is to amend Article 27, Sec. 641A, by adding new subsection (c). The Conference strongly believes that this legislation would give judges one more tool with which to deal with a particular defendant that comes before them for sentence. Under the bill, a court may impose as a condition of probation that the probation commence as of the date the defendant is actually released from imprisonment.

> *Its purpose can be illustrated by an example and it will identify the void in the present law.*

> *If a court were to impose a sentence of incarceration of ten years, suspend five of it and place a defendant on probation, the term of probation under the present law does not begin until the defendant serves the first five years of sentence. If a defendant is released early from prison and is on parole, and while on parole, commits another crime, the court is powerless to act*

---

1. Maryland Rule 1207.a. provides:

    There shall be a Conference of Circuit Judges which shall meet periodically for the purpose of exchanging ideas and views with respect to the circuit courts and the improvement of the administration of justice and making recommendations with respect thereto. The circuit administrative judges and one circuit judge from each judicial circuit, who shall be elected every two years by the circuit judges of his circuit, shall constitute the members of the Conference.

*because the probation period would not begin to run until the second five year period became operative.*

Under this bill, the defendant would be made aware at the time of sentence, that as a condition of probation, it would begin to run as of the time he was actually released from incarceration. He would further be aware of the fact that if he were to commit an act which would in effect be a violation of parole, he would likewise be subject to a violation of probation and could in fact receive the full term. It is believed this is one additional "hammer" that could be held over the head of a defendant.

(Emphasis added).

Similarly, a report prepared by the staff of the Senate Judicial Proceedings Committee stated with respect to House Bill 1137:

H.B. 1137—*Suspended Sentences—Conditions for Probation*

*WHAT IT DOES*

*This bill closes a loophole in current law* and provides that court-imposed conditions of probation become effective on the date the defendant is actually released from imprisonment.

WHY NEEDED

*Currently, when a court imposes a "split sentence", for example: 10 years with 5 years to be served, and the following 5 years "on probation" or "street time", the court imposed terms of probation do not apply until after 5 years, even if the defendant is released on parole after only 2 years as now generally happens.*

This bill would subject the defendant to the court-imposed terms of probation, such as restitution, immediately upon his release, while he is at the same time subject to the conditions imposed by the Parole Board.

(Emphasis added).

The Legislature apparently agreed with the need for this amendment, as evidenced by its enactment of

subsection (c) to § 641A expressly granting a trial court the authority to impose probation upon a defendant's actual release from prison. However, in May of 1978 when the appellant was sentenced, the trial court was without the authority to do so. Since the appellant was not lawfully on probation at the time of his conviction of possession of marijuana on May 22, 1984, the order revoking his probation because of that conviction was not justified.

JUDGMENT REVERSED; COSTS TO BE PAID BY KENT COUNTY.