498 A.2d 655

**Robert William MATTHEWS**

v.

**STATE of Maryland.**

**No. 42, Sept. Term, 1985.**

Court of Appeals of Maryland.

Oct. 10, 1985.

William H. Murphy, Jr., Baltimore, for appellant.

Deborah K. Chasanow, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., and Mark D. McCurdy, Asst. Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

McAULIFFE, Judge.

We here decide that a trial judge lacked authority to commence a period of probation while the Appellant was serving a jail sentence for the same offense, but that Appellant's probation was properly revoked upon proof of criminal activity occurring between the grant of probation and its formal commencement.

On January 29, 1982 Judge Martin Wolff sentenced Robert William Matthews to five years imprisonment, suspended the execution of all except nine months, and directed that the nine months be served at the Anne Arundel County Detention Center in a live-in work-out status. Judge Wolff also ordered probation under intensive supervision for a period of three years, effective the day of sentencing. Included in the conditions of probation was the requirement that Appellant obey all laws. No appeal was taken from the conviction and sentence.

On June 25, 1982 while on work-release status Matthews was arrested and charged with maintaining a common nuisance, and with various violations of the controlled dangerous substance laws. He was convicted of three counts in the Circuit Court for Queen Anne's County and sentenced

to five years in prison. The convictions were affirmed in *Matthews v. State,* 59 Md.App. 15, 474 A.2d 530 (1984).

On December 3, 1984 Matthews was brought before Judge Wolff for a hearing on his alleged violation of probation. Matthews did not deny the convictions but pointed out that the criminal conduct occurred while he was still serving his prison sentence, and argued that he could not lawfully be on probation while serving a prison sentence. Judge Wolff rejected the argument, found Matthews in violation and struck the suspension of the remaining portion of the sentence. Appellant appealed and we granted certiorari prior to consideration by the Court of Special Appeals.

## I

■■■■ We agree with Appellant's contention that a trial judge does not have authority to order a period of probation to begin during the time a defendant is actually serving a prison sentence [1] for the same offense. A judge has no inherent power to suspend the execution of all or a portion of the sentence and place a defendant on probation, but that power may be granted by the General Assembly. *Kupfer v. State,* 287 Md. 540, 543, 414 A.2d 907 (1980); *State ex rel. Sonner v. Shearin,* 272 Md. 502, 512–13, 325 A.2d 573 (1974). The grant of power relied on by the State in this case is codified at Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.) Art. 27, § 641A, as follows:

(a) Suspension of sentence; probation.—Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may

---

1. A defendant need not be in confinement to be serving a sentence of imprisonment. Various programs existing throughout the state enable prisoners to leave the jail for periods of time to work, participate in training or rehabilitation programs, or attend educational institutions. *See, generally,* Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.) Art. 27, §§ 645K through 645AA.

impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years. However, if the defendant consents in writing, the court may grant probation in excess of 5 years, but only for purposes of making restitution.

(b) Probation when offense punishable by fine and imprisonment; limitation, revocation or modification.—Probation may be granted whether the offense is punishable by fine or imprisonment or both. If the offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to the imprisonment. Probation may be limited to one or more counts or indictments, but in the absence of express limitation, shall extend to the entire sentence and judgment. The court may revoke or modify any condition of probation or may reduce the period of probation.

(c) Commencement of probation on date of release as condition.—If a sentence of imprisonment is imposed, a portion of it is suspended, and the defendant is placed on probation, the court may impose as a condition of probation that the probation commence on the date the defendant is actually released from imprisonment.

Although § 641A may be read as each party suggests, we find from a review of the recent legislative history of the section that the General Assembly did not intend to grant authority for the commencement of a probationary period prior to the actual release of a defendant from imprisonment. That recent legislative history involves the enactment of Chapter 689 of the Laws of 1982 which added subsection (c) to the section, and was recently traced by Judge Karwacki for the Court of Special Appeals in *Elias v. State,* 62 Md.App. 569, 490 A.2d 745 (1985). The addition of subsection (c) was initially requested by the Conference of Circuit Judges, which expressed to the Senate Judicial Proceedings Committee its view that the amendment was needed to give a judge the power to begin the period of proba-

tion while a defendant was still on parole. That view was shared by the staff of the Senate Judicial Proceedings Committee, and reflected in a staff report to the Committee:

> This bill closes a loophole in current law and provides that court-imposed conditions of probation become effective on the date the defendant is actually released from imprisonment.
>
> Currently, when a court imposes a "split sentence", for example: 10 years with 5 years to be served, and the following 5 years "on probation" or "street time", the court imposed terms of probation do not apply until after 5 years, even if the defendant is released on parole after only 2 years as now generally happens.
>
> This bill would subject the defendant to the court-imposed terms of probation, such as restitution, immediately upon his release, while he is at the same time subject to the conditions imposed by the Parole Board.

Enactment of the bill suggests that the Legislature concurred in this interpretation of the statute.

 Because § 641A as it existed prior to 1982 did not confer the power to begin a term of probation prior to completion of the unsuspended portion of the sentence, including any period of parole, it is clear it did not confer authority to do so while the defendant remained in prison. The addition of subsection (c) now authorizes the commencement of a probationary term on the date the defendant is actually released from imprisonment, but it does not grant the power to begin probation when the defendant is still in jail on the same sentence.

## II

 The State next contends that even if the imposition of probation concurrent with the jail term was not proper under the statutory scheme, the defendant waived his right to object by failing to take a direct appeal from the final judgment embodying that sentence. Relying on our decisions in *Coles v. State*, 290 Md. 296, 303, 429 A.2d 1029 (1981) and *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949

(1985), the State urges for purposes of judicial economy that the defendant not be permitted to raise the issue now when he did not object on direct appeal from the original sentence.

We find the State's reliance on *Coles* and *Walczak* misplaced. In *Coles* this Court first addressed the issue of whether a defendant may attack the legality of a sentencing order when he did not directly appeal from the final judgment. We said:

> In addressing appellant's attack on the propriety of the original sentencing order, we note that he took no appeal from the final judgment embodying that sentence. In fact, at sentencing, both appellant and his counsel urged the court to order restitution in lieu of incarceration, and it was not until the probation revocation hearing that appellant questioned the validity of his original sentence. The correctness of conditions of probation must be determined on an appeal from the final judgment of conviction and sentence, *e.g., Bird v. State,* 231 Md. 432, 437–38, 190 A.2d 804, 807 (1963), and not on the subsequent revocation of probation, "because to do so, would, in effect, permit a circumvention of [Md.Rule 1012] which requires an appeal to be taken within thirty days" following the entry of final judgment. *Coleman v. State,* 231 Md. 220, 223, 189 A.2d 616, 618 (1963); *see Stone v. State,* 43 Md.App. 329, 405 A.2d 345 (1979). To this, however, there is at least one exception. A trial court clearly has the authority and responsibility to correct an illegal sentence at any time, Md. Rule 774 a; *Carter v. Warden,* 210 Md. 657, 124 A.2d 574 (1956), *cert. denied,* 352 U.S. 900 [77 S.Ct. 136, 1 L.Ed.2d 89] (1956), and the refusal to do so, no matter when the correction request is made, is appealable. *State ex rel. Sonner v. Shearin,* 272 Md. 502, 520, 325 A.2d 573, 583 (1974); *Roberts v. Warden,* 206 Md. 246, 255, 111 A.2d 597, 601 (1955).

290 Md. at 303, 429 A.2d 1029.

More recently, the Court in *Walczak* sought to resolve the conflict among the appellate decisions as to the proprie-

ty of such a challenge. Judge Eldridge, speaking for the Court, stated:

> We hold that when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a), formerly Rule 774a, provides that "[t]he court may correct an illegal sentence at any time." Thus, a defendant who fails to object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence. *See Coles v. State*, 290 Md. 296, 303, 429 A.2d 1029 (1981). Moreover, because the defendant would be entitled to post conviction relief if a sentence is clearly illegal although not objected to at trial, interests of expedition and judicial economy support review of the sentence on direct appeal.

302 Md. at 427, 488 A.2d 949 (citations omitted).

In applying the holdings in *Coles* and *Walczak* to the facts of this case, it is clear the defendant did not waive his right to object to the illegal sentence even though he did not object to the final judgment embodying the sentence. He was entitled to and did argue the illegality of a portion of the sentence at the probation revocation hearing, and he has taken a timely appeal from the adverse ruling of the court at that hearing.

### III

■ Having determined that Appellant's probation could not lawfully begin until his actual release from imprisonment, we turn to the question of whether his right to probation may be revoked for criminal acts committed after sentencing but before commencement of probation.

Article 27, § 641A(b) provides that "[t]he court may revoke or modify any condition of probation or may reduce the period of probation." This broad grant of authority to revoke probation does not contain any limitation as to when

the power may be exercised, and we therefore find no statutory bar to the revocation of probation before it has begun.

In construing a federal statute similar to the Maryland probation statute, the courts have held that the defendant's probationary status may be revoked before it began.[2] *United States v. Cartwright*, 696 F.2d 344 (5th Cir.1983); *United States v. Jurgens*, 626 F.2d 142 (9th Cir.1980); *United States v. Torrez-Flores*, 624 F.2d 776 (7th Cir.1980); *United States v. Tucker*, 524 F.2d 77 (5th Cir.1975), *cert. denied*, 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976); *Ross v. State*, 503 F.2d 940 (5th Cir.1974); *Trueblood Longknife v. United States*, 381 F.2d 17 (9th Cir.1967), *cert. denied*, 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987 (1968). In *Ross*, Judge Wisdom acknowledged that the contention that the probationer's status could not be revoked prior to its actual commencement had a "certain superficial, if semantic, appeal," but concluded that "[s]ound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date." 503 F.2d at 943.

The majority of state courts which have considered the question have reached the same result. *See Annot.* 22 A.L.R.4th 755 (1983, 1984 Cum.Supp.). The rationale for this policy was aptly stated in *Martin v. State*, 243 So.2d 189, 190–91 (Fla.App.1971):

---

**2.** 18 U.S.C. § 3651 provides in part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

 * * * * * *

The court may revoke or modify any condition of probation, or may change the period of probation.

The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary term is to commence. We think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. (citation omitted).

A number of the state courts that have held that a defendant's probation may be revoked prior to its commencement have done so on the basis of an implied condition of every suspended sentence or probationary period, *i.e.* that the defendant obey all laws. *Touch v. State,* 399 So.2d 934, (Ala.Crim.App.1981); *Wilcox v. State,* 395 So.2d 1054 (Ala.1981); *Com. v. Dickens,* 327 Pa.Super. 147, 475 A.2d 141 (1984); *Wright v. United States,* 315 A.2d 839 (D.C.1974); *Coffey v. Commonwealth,* 209 Va. 760, 167 S.E.2d 343 (1969). In *Wilcox,* the Supreme Court of Alabama held that the trial court had authority to revoke the probation of the defendant based on his commission of a burglary during work-release prior to the effective date of his probation. The *Wilcox* court declared:

We hold, therefore, that where, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court is nevertheless authorized to revoke Defendant's probation for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense. In other words, the trial court did not err in finding that Defendant violated an implied condition of his probation

when he committed the offense of grand larceny in Madison County.

* * * * * *

We adopt the reasoning of the *Dill* [*v. Page,* Okl.Cr., 496 P.2d 127 (1972)] court, quoting from one of its earlier opinions:

> "[I]n *Brooks v. State,* Okl.Cr., 484 P.2d 1333, 1334 (1971) it was held that 'a condition of a suspended sentence that a person may not commit a felony is so basic and fundamental that any reasonable person would be aware of such condition.'"

*Wilcox,* 395 So.2d 1056–57.

In *Com. v. Dickens, supra,* a trial court revoked a defendant's probation for offenses committed while on parole but before defendant had begun probation. In upholding the revocation of probation, the Superior Court of Pennsylvania quoted an earlier opinion, in which it said:

> If, at any time before the defendant has completed the maximum period of probation, or *before he has begun service of his probation,* he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interest of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v. United States,* 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269 (1932).

*Com. v. Wendowski,* 278 Pa.Super. 453, 420 A.2d 628, 630 (1980), quoting *James v. United States,* 140 F.2d 392, 394 (5th Cir.1944) (citations omitted) (emphasis added).

The court in *Dickens* concluded that:

> [T]he decision in *Wendowski* is not contrary to statutory law in Pennsylvania. The provisions . . . which authorize

a court to "revoke an order of probation upon proof of the violation of specified conditions of the probation," do not prevent revocation for violation of a condition which occurs prior to the specific probation being revoked. *The commission of a new crime violates an implied condition of the order imposing probation. It suggests that probation is not an effective tool by which to deter anti-social conduct and achieve rehabilitation. If the new offense is committed at any time before the maximum period of probation has been completed, probation may be revoked.*

475 A.2d at 144 (citations omitted) (emphasis added).

We are persuaded that a trial court has the authority to revoke probation for criminal acts committed after the imposition of sentence but before service of probation based on a condition implicit in the grant of probation that the defendant obey all laws.[3] Our statutory scheme does not preclude the revocation of probation before it commences and the purposes for granting probation would be effectuated by recognizing this authority. The Maryland courts have long held that probation is a matter of grace, not of right. *Hutchinson v. State*, 292 Md. 367, 438 A.2d 1335 (1982); *Kaylor v. State*, 285 Md. 66, 400 A.2d 419 (1979). *See also Herold v. State*, 52 Md.App. 295, 449 A.2d 429 (1982); *Knight v. State*, 7 Md.App. 313, 255 A.2d 441 (1969). In *Kaylor*, 285 Md. at 75, 400 A.2d 419, we observed that:

[P]robation is a matter of grace, not entitlement, which permits a wrongdoer to keep his freedom "as long as he conducts himself in a manner consonant with established communal standards and the safety of society." *Scott v. State*, 238 Md. 265, 275, 208 A.2d 575 (1965). *See Knight*

---

**3.** We do not reach the question of whether probation may be revoked before it begins for bad behavior or misconduct that does not amount to a violation of the criminal law. *See, United States v. Cartwright,* 696 F.2d 344 (5th Cir.1983); *United States v. Dane,* 570 F.2d 840 (9th Cir.1977), *cert. denied,* 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978); *Williamson v. State,* 388 So.2d 1345 (Fla.App.1980). *But cf. Tiitsmann v. Black,* 536 F.2d 678 (6th Cir.1976).

*v. State,* 7 Md.App. [at] 312, 255 A.2d [at] 444 (1969); *Sweeney v. State,* 1 Md.App. 233, 229 A.2d 141 (1967). Probation should not be allowed to develop into a grant of immunity from punishment.

The commission of a new crime during the interval between the imposition of sentence and the effective date of probation may furnish proof that a defendant cannot conduct himself in conformity with societal standards and he may rightfully forfeit his freedom as a result.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.