682 A.2d 247

**Andre WILKINS**

v.

**STATE of Maryland.**

**No. 70, Sept. Term, 1996.**

Court of Appeals of Maryland.

Sept. 11, 1996.

Margaret L. Lanier, Assistant Public Defender and Stephen E. Harris, Public Defender, Baltimore, for petitioner.

Kathryn Grill Graeff, Assistant Attorney General and J. Joseph Curran, Jr., Attorney General, Baltimore, for appellee.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

PER CURIAM.

In this criminal case, the petitioner Andre Wilkins was convicted, after a jury trial in the Circuit Court for Baltimore City, of assault with intent to murder, assault, use of a handgun in the commission of a felony in violation of Maryland Code (1957, 1992 Repl.Vol.), Art. 27, § 36B(d), and wearing or carrying a handgun in violation of Art. 27, § 36B(b). The two handgun convictions were based upon the same acts or transaction. In addition to the sentences for assault, Wilkins was sentenced to five years imprisonment without the possibility of parole for use of a handgun in the commission of a felony and three years imprisonment for unlawfully wearing or carrying a handgun. All sentences were concurrent. Wilkins did not, in the circuit court, object to the separate sentences for use of a

handgun in the commission of a felony and for wearing or carrying a handgun.

On appeal to the Court of Special Appeals, Wilkins argued, *inter alia,* that the circuit court "erred in failing to merge [his] conviction for wearing or carrying a handgun into his conviction for use of a handgun in the commission of a" felony. (Appellant's brief in the Court of Special Appeals at 6). The State, in its Court of Special Appeals' brief, agreed, affirmatively arguing that Wilkins's "sentence for wearing and carrying a handgun should merge into his ... sentence for use of a handgun in the commission of a" felony. (State's brief in the Court of Special Appeals at 2). The State did not rely upon Wilkins's failure to raise this issue at trial and did not argue that the issue was not preserved for appellate review.

Nevertheless, the Court of Special Appeals, in affirming the judgments in an unreported opinion, refused to consider the merger issue. The intermediate appellate court held that, because of the defendant's failure to object to the separate sentence for unlawfully wearing or carrying a handgun, the merger issue "has not been preserved for our review."

Wilkins filed in this Court a petition for a writ of certiorari, presenting the single question of whether the Court of Special Appeals erred in "refus[ing] to order merger of" the sentence for wearing or carrying a handgun. The State, in its answer to the petition, agreed with Wilkins that the Court of Special Appeals erred; the State urged us to grant the petition and order that the sentence for wearing or carrying a handgun be vacated.

We have granted the certiorari petition, and we shall summarily reverse that part of the Court of Special Appeals' judgment relating to the sentence for wearing or carrying a handgun.

In *Hunt v. State,* 312 Md. 494, 510, 540 A.2d 1125, 1133 (1988), we held that the Legislature did not intend that a separate punishment should be imposed for carrying, wearing, or transporting a handgun in addition to that imposed for using a handgun during commission of a felony or crime of

violence. We took the position that the sentence for carrying, wearing, or transporting the handgun should merge into the sentence for using the handgun during the commission of a felony or crime of violence. In *Hunt*, the separate sentence for wearing, carrying, or transporting a handgun was held to be illegal, and we vacated it. *See also Hunt v. State*, 321 Md. 387, 401, 583 A.2d 218, 224 (1990), *cert. denied*, 502 U.S. 835, 112 S.Ct. 117, 116 L.Ed.2d 86 (1991).

On numerous occasions this Court has pointed out that " 'illegal sentences may be challenged at any time, even on appeal,' " *Spitzinger v. State*, 340 Md. 114, 122, 665 A.2d 685, 688–689 (1995), quoting *Campbell v. State*, 325 Md. 488, 509, 601 A.2d 667, 677 (1992). *See, e.g., Jordan v. State*, 323 Md. 151, 161, 591 A.2d 875, 880 (1991) (even though the defendant did not raise the issue at trial, "Jordan has not waived his right to object to the unlawful sentence"); *Osborne v. State*, 304 Md. 323, 326 n. 1, 499 A.2d 170, 171 n. 1 (1985) ("where the trial court has allegedly imposed an illegal sentence, the issue may be reviewed on direct appeal even if no objection was made in the trial court"); *Matthews v. State*, 304 Md. 281, 287–288, 498 A.2d 655, 658 (1985); *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949, 951 (1985).

Consequently, Wilkins's separate sentence for wearing or carrying a handgun should be vacated.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED IN PART, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE SENTENCE FOR WEARING OR CARRYING A HAND-GUN. COSTS IN THIS COURT TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE. COSTS IN THE COURT OF SPECIAL APPEALS TO BE EQUAL-LY DIVIDED.*