988 A.2d 61 (2010)
190 Md. App. 168
Eric Turkill WASHINGTON
v.
STATE of Maryland.
No. 0063, September Term, 2008.
Court of Special Appeals of Maryland.
January 28, 2010.
*62 Bradford C. Peabody (Nancy S. Forster, Public Defender, on brief), for Appellant.
Daniel J. Jawor (Douglas F. Gansler, Atty. Gen., on brief), for Appellee.
Panel: DAVIS, ZARNOCH, SHARER, J. FREDERICK, (Retired, Specially Assigned) JJ.
*63 SHARER, J.
After a jury in the Circuit Court for Anne Arundel County convicted Eric Turkill Washington, appellant, on separate counts of driving while under the influence of alcohol and driving while under the influence of alcohol per se, as well as lesser charges, the court sentenced him, as a subsequent offender, to consecutive terms of imprisonment.[1]
Appellant presents one question for our review, which we have slightly rephrased:[2]
Whether the imposition of consecutive sentences upon conviction of DUI and DUI per se is permitted.
As we explain, we shall apply the rule of lenity and vacate the consecutive sentence for driving while under the influence of alcohol per se.

FACTS and LEGAL PROCEEDINGS
Although appellant does not challenge the sufficiency of the evidence, we provide a factual background for context. At trial, the State proved that early on the morning of March 4, 2007, appellant was stopped while driving a 1975 Chevrolet pickup truck, after making a left turn in front of a vehicle with the right of way, driving 50 mph in a 35 mph zone, twice crossing the center line, and once crossing over the shoulder line. The patrol officer who stopped appellant immediately smelled alcohol on appellant's breath. Appellant told the officer that he had "had two beers."
A second patrol officer, who responded as backup, administered one of the three standard field sobriety tests. Upon exiting his vehicle, appellant had "a strong odor" of alcohol on his breath, "[h]is speech was very slurred," "he was swaying, using the car for balance," and his steps were "uncoordinated." He claimed that he had taken an Oxycodone six hours earlier, that he walked with a cane, and that he did not feel comfortable performing the "walk and turn" or "one leg stand" tests. When asked to follow the officer's finger with his eyes, appellant displayed "all six clues" indicating a level of alcohol intoxication that was "way over the limit." Appellant was arrested and took an alcohol breath test at the police station, resulting in a blood alcohol content reading of .25  more than three times the legal threshold of .08.
Appellant was sentenced to consecutive terms of two years and 18 months incarceration.

DISCUSSION
On appeal, this Court may determine whether a sentence is illegal. See Wilkins v. State, 343 Md. 444, 447, 682 A.2d 247 (1996). "Under the Double Jeopardy Clause, a defendant is protected against multiple punishment for the same conduct, unless the legislature clearly intended to impose multiple punishments." Jones v. State, 357 Md. 141, 156, 742 A.2d 493 (1999).
Appellant challenges his consecutive sentences for driving while under the influence of alcohol (DUI) in violation of *64 Md.Code, (1977, 2008 Repl.Vol.), Transportation (Trans.), § 21-902(a)(1), and driving while under the influence of alcohol per se (DUI per se), in violation of Trans. § 21-902(a)(2). He argues that the DUI per se sentence should have been merged into the DUI sentence because
the [l]egislature created a single offense of driving while under the influence of alcohol, which may be committed in different ways; for sentencing purposes, the statutory offenses will merge, for the same act of driving; and multiple punishments are forbidden by the Double Jeopardy Clause . . ., by the rule of lenity, and by fundamental fairness.
Although we do not agree with appellant that DUI and DUI per se are a "single offense," we conclude, and hold, that under the rule of lenity the two offenses merge for sentencing purposes when, as in this case, they arise from a single act of driving.
Trans. § 21-902(a) consists of two distinct provisions that proscribe the operation of a motor vehicle by persons who are under the influence of alcohol. Subsection (a)(1) provides that "[a] person may not drive . . . any vehicle while under the influence of alcohol." Subsection (a)(2) provides that "[a] person may not drive . . . any vehicle while under the influence of alcohol per se." The latter term is defined to mean "having an alcohol concentration at the time of testing of 0.08 or more as measured by grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath." Trans. § 11-174.1(a). Under Trans. § 27-101(k), the General Assembly has established sentences for violations of "any of the provisions of § 21-902(a)," including enhanced sentences for repeat offenders, as follows:
(i) For a first offense, . . . a fine of not more than $1,000, or imprisonment for not more than 1 year, or both;
(ii) For a second offense, . . . a fine of not more than $2,000, or imprisonment for not more than 2 years, or both;
(iii) For a third or subsequent offense,. . . a fine of not more than $3,000, or imprisonment for not more than 3 years, or both.
Appellant's contention that DUI and DUI per se are "a single offense" was expressly rejected in Meanor v. State, 364 Md. 511, 526, 774 A.2d 394 (2001), when the Court of Appeals held that the two are separate offenses under the required evidence test because each has "an element not found in the other." In support of that interpretation, the Court reviewed legislative history leading to enactment of the DUI per se provision in 1995, including materials from legislative committees, the Task Force on Drunk and Drugged Driving, and Mothers Against Drunk Driving (MADD). The Court concluded that the legislative history established that DUI per se was enacted as a separate offense in the statutory scheme to permit an intoxicated driving conviction based solely on blood alcohol content, as an alternative to the fact finder having to rely on the more subjective behavioral evidence necessary to prove intoxicated driving. See id. at 519-24, 774 A.2d 394.
Because the two offenses are separate, the trial court was not required to merge appellant's convictions for DUI and DUI per se. Indeed, appellant's trial counsel acknowledged as much at sentencing, stating that "Count 3, the 21-902(a)(2), and the 21-902(a)(1), do not merge. They are distinct charges with separate elements." Nevertheless, whether appellant's DUI per se sentence must be merged into his DUI sentence is an analytically separate question. That is because, even when two offenses are separate under the required evidence test, in some circumstances multiple punishments may not be *65 permitted in order to avoid a violation of the constitutional guarantee against double jeopardy. See Abeokuto v. State, 391 Md. 289, 356, 893 A.2d 1018 (2006).
The rule of lenity was explained by the Court of Appeals in Monoker v. State, 321 Md. 214, 222-23, 582 A.2d 525 (1990):
The rule of lenity was originally formulated by the United States Supreme Court as a principle of statutory construction. The policy behind the rule is "that the Court will not interpret a . . . criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended."
(Internal citations omitted.)
Under the rule of lenity, "a court will not impose multiple punishments but will, for sentencing purposes, merge one offense into the other," with "`the offense carrying the lesser maximum penalty ordinarily merg[ing] into the offense carrying the greater maximum penalty.'" Abeokuto, 391 Md. at 356, 893 A.2d 1018 (citation omitted). This judicially created rule governs construction of statutory offenses rather than common law crimes. See id. It applies when "there is no indication that the legislature intended multiple punishments for the same act[.]" Id. If there is uncertainty about whether the legislature intended multiple punishments for a single act, that doubt will be resolved against multiple sentences. See id.; Monoker, 321 Md. at 222, 582 A.2d 525.
In the instant case, we agree with appellant that his sentences for DUI and DUI per se should have been merged under the rule of lenity. Appellant's position presents an issue of first impression, because we have found no reported case addressing the propriety of consecutive sentences for DUI and DUI per se convictions arising out of a single act of driving. Cf. Turner v. State, 181 Md.App. 477, 491, 956 A.2d 820 (2008) (no sentencing merger issue presented; there was no disposition on the DUI per se charge and thus "nothing to merge at sentencing under the rule of lenity"); Brown v. State, 171 Md.App. 489, 504, 910 A.2d 571 (2006) (no sentencing merger issue presented; trial court merged DUI per se conviction into DUI conviction); Meanor v. State, 134 Md.App. 72, 75, 758 A.2d 1124 (2000) (no sentencing merger issue presented; DUI and DUI per se were merged by trial court for sentencing purposes), rev'd on other grounds, 364 Md. 511, 774 A.2d 394 (2001).
However, in Jones, 357 Md. at 167, 742 A.2d 493, the Court of Appeals held that defendants Jones and Tederick could not receive consecutive sentences for two unlawful driving convictions in circumstances that we find instructively analogous to the issue before us. In Jones, the Court concluded that driving on a suspended license and driving on a revoked license, offenses established under different subsections of Trans. § 16-303, are separate offenses for purposes of conviction. But the Court separately addressed "whether Jones and Tederick may be punished twice when their conduct that triggered each charge was the same act, i.e., the single act of driving, and whether the Legislature intended multiple punishment for conduct arising out of a single act or transaction that violates two or more . . . subsections of the same statute." Id. at 163, 742 A.2d 493. Applying the established principle that, "[e]ven where two offenses are separate under the required evidence test, there may still be merger for sentencing purposes based on historical treatment, judicial decisions which hold the offenses merge, fairness, and the rule of lenity[,]" the Court concluded that "the Legislature intended that punishment should be tied to the act of driving and only one sentence *66 per driving episode [should] be permitted." Id. at 164, 742 A.2d 493.
In support of this construction of the statute, the Court cited the absence of any indication that the General Assembly intended that a single act of driving on an invalidated license could be punished by multiple consecutive sentences. See id. at 166, 742 A.2d 493. To the contrary, the Court treated the availability of sentencing enhancements, increasing the penalty for "subsequent violations" from one year to two years, as evidence that the legislature did not anticipate that a single act of driving on a license that had been both suspended and revoked would result in consecutive sentences. See id.
Characterizing this type of repeat offender sentencing scheme as "a clear expression of legislative intent that persons convicted of multiple offenses during a single driving episode not suffer cumulative punishments," the Meanor Court reasoned that, "[i]f a subsequent offense may not be punished by more than two years, it follows that cumulative or consecutive sentences for multiple violations of § 16-303 was not intended." Id. Ultimately, the Court ruled, "at the very least, doubt exists as to whether the General Assembly intended such multiple punishment[,]" so that the sentences had to be merged "under the rule of lenity." Id. at 167, 742 A.2d 493.
The Court quoted favorably the comments of Judge Moylan, writing for this Court in Tederick v. State, 125 Md.App. 37, 45, 723 A.2d 917, aff'd sub nom. Jones v. State, 357 Md. 141, 742 A.2d 493 (1999), that
[t]he common denominator to all of the forms the offense may take is that a defendant drove a motor vehicle on a Maryland highway after his privilege to drive had been invalidated. The unit of prosecution is the act of driving.
See Jones, 357 Md. at 152, 742 A.2d 493.
We conclude that, like the driving on an invalidated license offense construed in Jones and Tederick, "`[t]he unit of prosecution'" for the intoxicated driving offenses in subsections 21-902(a)(1) and (2) "`is the act of driving.'" See id. An analogous "single act of driving" interpretation of the statute for sentencing purposes is appropriate here, given the repeat offender sentencing scheme available for intoxicated driving convictions, and the absence of any indication that the legislature intended that a person convicted of both DUI and DUI per se, based on one uninterrupted driving episode, could face consecutive sentences for violating both subsections of 21-902(a).
As in Jones, the statutory sentencing scheme increasing punishment for subsequent intoxicated driving convictions is a "clear expression of legislative intent that persons convicted of multiple offenses during a single driving episode not suffer cumulative punishments," because "[i]f a subsequent offense may not be punished by more than two years, it follows that cumulative or consecutive sentences for multiple violations . . . was not intended." See id. at 166, 742 A.2d 493. Moreover, as in Jones, there is nothing in the language or history of § 21-902(a) from which we could conclude that, in adding DUI per se to the existing DUI offense, the General Assembly intended to authorize such multiple punishment in cases where a single act of intoxicated driving results in both DUI and DUI per se convictions.
This scenario materially differs from cases in which consecutive sentences have been approved for use of a dangerous or deadly weapon during the commission of another offense, because in those situations the legislature has unambiguously *67 indicated, in both the statute and its legislative history, that multiple punishments are justified on an "aggravation" theory that treats such weapon use as increasing the seriousness of the offense and the culpability of the offender. See, e.g., Eldridge v. State, 329 Md. 307, 318-20, 619 A.2d 531 (1993) (recognizing that legislature has authorized multiple punishments for use of a handgun in the commission of an armed robbery under an "aggravating factor" rationale, but holding that the legislature has not authorized consecutive sentences for merely carrying a weapon during the commission of a robbery). No comparable "aggravation" or "increased culpability" justification exists in the instant case. Here, the multiple convictions merely reflect that the State established appellant's single episode of intoxicated driving by the introduction of both blood alcohol evidence and behavioral evidence. In this circumstance, as in Jones and Tederick, "at the very least, doubt exists as to whether the General Assembly intended such multiple punishment." Thus, appellant was entitled to the merger of the DUI and DUI per se sentences under the rule of lenity. See id. at 167, 619 A.2d 531.
We are not persuaded otherwise by the holding and rationale in Meanor, which the State mistakenly relies on as authority for the proposition that "the General Assembly intended multiple punishments." The legislative history cited by the State merely confirms that the same maximum penalty exists for the two offenses, without addressing whether such sentences may be made consecutive when they arise from the same act of intoxicated driving. The State's leap from the fact that DUI and DUI per se are separate offenses, and that a defendant may be convicted on both as a result of the same episode, to a conclusion that that defendant may be subject to consecutive sentences, is a misinterpretation of Meanor.
Meanor did not address the issue of multiple punishments for DUI and DUI per se convictions stemming from a single driving event because the trial court in that case merged the two offenses for sentencing purposes. See Meanor, 134 Md. App. at 75, 758 A.2d 1124. In the Court of Appeals, Meanor challenged only his convictions for DUI and DUI per se, complaining that, because he was never cited for DUI per se, "the trial court erred in instructing the jury that he was intoxicated if his blood alcohol level was 0.10 or more" and in permitting him to be convicted of DUI per se. See Meanor, 364 Md. at 513, 774 A.2d 394. Thus, the Court of Appeals did not resolve whether a person properly convicted of both DUI and DUI per se, based on a single act of driving, should have those offenses merged for sentencing purposes.
In this case, the issue of sentencing merger is squarely presented by the trial court's imposition of consecutive sentences on the DUI conviction and the DUI per se conviction. We hold that, when a defendant is convicted of both DUI and DUI per se, arising out of the same act of driving, the lesser sentence, in this case the one for DUI per se, merges into the greater sentence, in this case the sentence for DUI, under the rule of lenity. Therefore, we shall vacate the DUI per se sentence imposed on appellant.
JUDGMENTS OF CONVICTION FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL AND DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL PER SE AFFIRMED; SENTENCE FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL PER SE VACATED. *68 COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.
NOTES
[1] For the driving while intoxicated conviction, appellant was sentenced to two years (with all but 18 months suspended) and a fine; for the driving while intoxicated per se conviction, appellant was sentenced to a consecutive term of 18 months incarceration and a fine. The court also imposed five years of probation upon release.
[2] In his brief, appellant asks:

Was it illegal to impose a consecutive sentence of imprisonment and fine for driving while under the influence of alcohol per se, after sentencing appellant for driving while under the influence of alcohol, for the same act of driving?