TYSON, Judge.
Dale Robinson was indicted for the unlawful possession of cocaine, a controlled substance, in violation of § 13A-12-212(a)(l), Code of Alabama 1975. The appellant entered a plea of guilty and the trial court sentenced him to six years’ imprisonment in the state penitentiary, to run concurrently with his present sentence. The appellant was ordered to pay twenty-five dollars to the Victims Crime Assessment Fund and a $2,500 fine.
On October 12, 1988, Peter McCurley, a narcotics investigator with the Etowah County, Alabama Sheriff's Department, received information from a confidential informant that cocaine was being used and stored by this appellant at 622 Hillyer Street, Gadsden, Alabama. The informant gained this information by being present at the above stated address within a 24-hour period, prior to the investigation.
McCurley notified the judge issuing the search warrant that the informant had proved to be reliable in the past. Based on the information obtained from the informant the judge issued a search warrant to search the appellant and the above stated premises. The search of the premises resulted in the finding of cocaine.
I
The appellant’s first contention is that there was no probable cause to support the issuance of the search warrant; therefore, he says the search warrant should be suppressed. This court will address this issue, assuming that the appellant had standing.
The relevant portion of the affidavit in support of the search warrant reads:
“I, P.C. McCurley, Investigator of Eto-wah County Sheriff’s Department ... received information by person ... from an informant ... whose record of reliability is good in that informant has provided information in the recent past that has led to the arrest and conviction of persons involved in the illegal sales and possession of marijuana and other illegal and dangerous drugs.... [Ijnformant said that Dale Robinson ... had in his ... possession, either upon his ... person or upon the following premises [of] 622 Hillyer St., Gadsden ... the following items: marijuana and cocaine. The said informant stated that he acquired said knowledge by being present at the above address within the past 24 hours and seeing marijuana being stored for sale and sold at the above address. Informant saw cocaine being used at the above address also.”
In determining whether information from an informant constitutes probable cause for the issuance of a search warrant, the issuing magistrate must make a practical common sense decision whether under the totality of the circumstances (including the credibility of the informer and basis of his knowledge), there is probable cause. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). See Dale v. State, 466 So.2d 196 (Ala.Cr.App.1985).
The appellant specifically alleges that, because the police did not corroborate the information provided by the informant, no probable cause existed for the issuance of the search warrant. We do not agree.
*1163 In Shaneyfelt v. State, 494 So.2d 804 (Ala.Cr.App.1986), this court upheld the magistrate’s determination of probable cause, where the affidavit stated that the confidential informant: (1) was at the defendant’s residence within the past three days, (2) observed illegal drugs at the defendant’s residence, and (3) provided information in three cases in past six months.
In the present case, the affidavit revealed that the informant: (1) was at the appellant’s residence within the past 24 hours, (2) observed drugs being sold and stored at that residence, and (3) was proven reliable based on information he provided which led to the arrest and conviction of persons involved in the sale and possession of illegal drugs. Based on the totality of the circumstances, we find that there was sufficient evidence for the magistrate to find that probable cause existed, even though there was no corroboration of the informant’s information. (Cases herein cited.)
II
The appellant next argues that the trial court erred in not requiring the State to disclose the identity of its confidential informer. The State is required to disclose the identity of a confidential informant “if a confidential informer is a material witness, i.e., an active participant in the illegal transaction which leads to the charges brought against the accused_” Lightfoot v. State, 531 So.2d 57 (Ala.Cr.App.1988). However, where the informant is merely a tipster and did not participate in the crime, the State has no obligation to disclose the informant’s identity. Harrell v. State, 555 So.2d 257 (Ala.Cr.App.1989); Lightfoot, supra.
In the present ease, we find that the informer was in fact a tipster and not an actual participant in the illegal transaction. The affidavit reveals that the informant observed illegal drugs being stored and sold from the appellant’s residence. There is no evidence to show that the informant participated in the illegal activity.
Further, “... the question of disclosure or nondisclosure of a confidential police informant’s identity for the purposes of challenging probable cause is a matter of discretion for the trial court.” Ex parte Pugh, 493 So.2d 393, 397 (Ala.1986); See Harrell, supra. Absent an abuse of discretion, this court will not overrule the trial court’s decision.
We find no abuse of discretion. For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.