This is an appeal from a revocation of probation. In January 1992, Annie Louise Pettway, the appellant, pleaded guilty and was convicted for the unlawful possession of cocaine. That sentence was suspended and she was placed on unsupervised probation for three years. Her probation was revoked in April 1993. The appellant raises two issues on this appeal.
 I.
The appellant complains that the record contains no evidence that she was ever made *Page 1067 
aware of any of the terms or conditions of her probation as required by Rule 27.6(e), A.R.Crim.P., which states, in pertinent part: "Probation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation."
The appellant's probation was revoked because she committed a new criminal offense — possession of cocaine — while she was serving her probationary sentence. A condition implicit in every probationary sentence is that the defendant, "while under such sentence, will not commit another criminal offense."Wilcox v. State, 395 So.2d 1054, 1056 (Ala. 1981). Therefore, the appellant cannot be heard to complain that she was not "notified" of this particular condition of her probation. SeeHill v. State, 624 So.2d 1102 (Ala.Cr.App. 1993); Williamsv. State, 579 So.2d 71 (Ala.Cr.App. 1991); Vogel v. State,543 So.2d 200 (Ala.Cr.App. 1989); Moore v. State, 494 So.2d 198
(Ala.Cr.App. 1986); Ringstaff v. State, 480 So.2d 50
(Ala.Cr.App. 1985); Touch v. State, 399 So.2d 934 (Ala.Cr.App. 1981).
At the hearing, in response to this argument, the circuit judge stated:
 "Based on the testimony presented, I find sufficient evidence that she's probably committed a new offense, possession of a controlled substance and violated the terms of her probation and I order her probation revoked and also find that she's not able to use 27.6(e) as a shield in this case as some technical violation. I would have allowed it, but since she's on supervised [sic] probation and the charge is that she committed a new criminal act, I find that it doesn't apply to her and her probation is revoked." R. 49.
We agree.
 II.
The appellant argues that the evidence of the commission of a new offense presented by the State at the revocation hearing should have been suppressed because there was no probable cause to support the warrant for the search of the appellant's residence and because the search warrant was not obtained in good faith. These arguments are without merit.
Here, the affidavit of Detective R. Goodman of the Selma Police Department stated, in pertinent part:
 "On this date, 11-14-92, a confidential informer, one who has proven reliable on more than one prior occasion, told me they were present inside listed location and did see an unknown amount of what appeared to be crack cocaine concealed inside an Arrid [deodorant] can, and also witnessed 'Big Mama' Pettway sell some of this crack cocaine to an unknown subject within the past 6 hours." C.R. 16.
This affidavit is sufficient to supply the probable cause for the search warrant. See Robinson v. State, 565 So.2d 1161
(Ala.Cr.App. 1990).
Detective Goodman testified that when the search warrant was executed, he saw the appellant with "an Arrid Extra Dry can in her hand that fell off and hit the floor. She was attempting to kick it under the couch." R. 6. According to Goodman, the can had a "screw out bottom" and contained 41 rocks of crack cocaine. R. 8. The record contains no indication of any lack of good faith in connection with the obtaining of the search warrant.
The appellant testified in her own defense at the revocation hearing. She claimed that she did not know anything about the cocaine and that the deodorant can belonged to her daughter.
 III.
The circuit court adequately complied with Rule 27.6(f), A.R.Crim.P., which provides that "[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation." The order of revocation issued April 29, 1993, states that the judge "[b]ased" his order upon "the testimony of Selma Police Officers Roger Goodman and Tommy Weber, as well as the testimony of the Defendant." C.R. 17. The court found that "the Defendant has violated her probationary sentence by the commission of a new offense, i.e., possession of a controlled substance." C.R. 17. *Page 1068 
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.