Mark Alan Byrd appeals from the trial court's revocation of his probation. At a previous proceeding, Byrd was convicted of unlawful distribution of a controlled substance and was sentenced to 15 years' imprisonment as a habitual offender. That sentence was suspended for a period of five years, and Byrd was placed on unsupervised probation. Subsequently, Byrd was arrested for disorderly conduct; that arrest resulted in the revocation of his probation.
On appeal, Byrd contends that the trial court erroneously revoked his probation, because, he says, the trial court had failed to issue a written order of probation. Rule 27.1, Ala.R.Crim.P., states, in pertinent part, that "[a]ll conditions of probation must be incorporated into a court's written order of probation, and a copy thereof must be given to the probationer." The mandatory nature of this rule is underscored by Rule 27.6(e), Ala.R.Crim.P., which states, in pertinent part: "[P]robation shall not be revoked for violation of a condition or regulation [of probation] if the probationer had not received a written copy of the condition or regulation."
The record contains Byrd's motion to include the trial court's written order of probation in the record; however, the record does not include that order. Furthermore, the trial court denied Byrd's motion for a rehearing, which Byrd had made on the grounds that the trial court had not issued an order stating the conditions of probation. It is reasonable to infer, upon review of the entire record, that the trial court never issued a written order of probation.
The state notes that in Pettway v. State, 628 So.2d 1066
(Ala.Cr.App. 1993), this court held that in every order of probation is the implicit condition that the probationer not commit another offense. The state contends that, therefore, Byrd is "not able to use [Rule] 27.6(e) as a shield in this case as some technical violation." Pettway, 628 So.2d 1066,1067 (Ala.Cr.App. 1993) (quoting the Pettway trial court with approval). However, we find that the facts of this case are distinguishable from those in Pettway and require a different result.
At Byrd's sentencing hearing, the trial court placed him on probation, stating the conditions of probation as follows:
 "The Court is going to suspend the sentence and you will be placed on a suspended sentence for a period of five years. And if you get into trouble again, and I don't mean a speeding ticket, something minor, I wouldn't revoke it. But if you're up here on any offense, it wouldn't bother me at all to revoke your suspended sentence and you are already sentenced to fifteen years. And you are required to pay the court costs, $50.00 victims compensation assessment, $1,000.00 under the Demand Reduction Assessment Act and $277.00 restitution."
(Emphasis added.) The facts supporting Byrd's charge for disorderly conduct were that he was driving around in the parking lot of a grocery store at a high rate of speed and appeared to be upset with his wife. When the police arrived and arrested him, Byrd did not appear to be intoxicated, but was visibly upset and was speaking in a threatening manner.
The trial court's oral order of probation includes qualifying language that leaves some doubt as to exactly what conduct would result in a probation revocation. We believe that a written order of probation would have cured any uncertainty regarding the conditions of Byrd's probation, and that this is the purpose behind the requirements of Rule 27.6(e). It would be pointless to remand this case to determine whether Byrd was given a written order of probation, when the record persuades us that he was not.
REVERSED AND REMANDED.
TAYLOR, P.J., and McMILLAN and COBB, JJ., concur.
LONG, J., concurs specially. *Page 85