COBB, Judge.
After having been indicted for first-degree burglary and first-degree theft of property, D.D. was granted youthful offender status on May 3, 2002. On that same day, D.D. pleaded guilty and was adjudicated a youthful offender.[1] The trial court sentenced D.D. to three years in prison, but suspended the sentence and placed him on supervised probation for three years. One hour later, D.D. was again taken into custody for allegedly vio *1136 lating a condition of his probation. Twelve days later, after a revocation hearing at which D.D. argued the contentions in his “Motion for [His] Immediate Release,” the trial court revoked D.D.’s probation. This appeal followed.
The facts relevant to the issues on appeal are as follows: Approximately an hour after he was placed on probation, D.D. was subjected to a drug test. At that time, D.D. had not been given a written copy of the terms of his probation. D.D.’s urine specimen tested positive for the presence of tetrahydrocannabinol (THC), indicating that he had smoked marijuana at some point prior to his being drug tested. D.D. admitted to his probation officer that he had smoked marijuana approximately three weeks before the guilty plea proceedings and the administration of the drug test. The trial court revoked D.D.’s probation based on the positive drug test result.
The record does not reflect that D.D. was ever given a written copy of the terms of his probation. Neither the trial court nor the State has disputed D.D.’s contention, raised several times during the revocation hearing, that he did not receive a written copy of the conditions of probation before he was rearrested for the alleged probation violation. Although a copy of the written order of probation is in the record, and it is dated “5-3-02” and signed by the trial court, the probation officer never signed in the space indicating that a copy of the written order was ever delivered to D.D. Additionally, D.D. never signed in the space indicating that he had received a copy of the written conditions of probation. (C. 25.)[2]
D.D. makes several arguments on appeal, all of which he submitted to the trial court in his “Motion for Immediate Release.” D.D. argues that the trial court erroneously revoked his probation based on an act that occurred before he was placed on probation; that the trial court erroneously revoked his probation without his ever receiving a written copy of his probation conditions, in violation of Rule 27.6(e), Ala. R.Crim. P.; that there was insufficient evidence to support the revocation; that his due process rights were violated; and that the trial court abused its discretion by failing to determine that revocation followed by imprisonment was the most appropriate disposition of the case.
Because we remand this cause based on the fact that D.D.’s probation was revoked in violation of Rule 27.6(e), we pretermit discussion of his other arguments on appeal.
Rule 27.1, Ala. R.Crim. P., provides, in pertinent part:
“All conditions of probation must be incorporated into a court’s written order or probation, and a copy thereof must be given to the probationer. In addition, the court or probation officer shall explain to the probationer the purpose and scope of the imposed conditions and regulations and the consequence of probationer’s violation of those conditions and regulations.”
Additionally, the Committee Comments to Rule 27.1 provide, in pertinent part:
*1137 “Providing the probationer with both a written copy of imposed conditions and regulations and an explanation thereof aids in the reinforcement of the probationer’s understanding of probation. The rule should alleviate the court’s and the probation officer’s supervisory burden by eliminating some unnecessary violations caused by probationer’s lack of understanding.”
Finally, Rule 27.6(e) provides:
“If the court finds that a violation of the conditions or regulations of probation or instructions occurred, it may revoke, modify, or continue probation. Probation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation.”
(Emphasis added.) The rule that a probationer is to receive a written copy of the conditions or regulations of probation is mandatory in nature. See Byrd v. State, 675 So.2d 83 (Ala.Crim.App.1995).
We note that this is not a case where a defendant was required to pass a drug test in order to qualify for probation. Rather, because of the order of events, this is a case where a defendant was required to pass a drug test to remain on probation.
Although the trial court orally stated that a term and condition of D.D.’s remaining on probation was “no drugs, no alcohol, ... make yourself available for urinalysis, breath test[sj, and blood test[s] when requested by the probation officer” (C. 30), nothing in the record indicates that the trial court’s “no drugs” edict was a clear condition, understood by D.D., that he was to pass a drug test within one hour of being placed on probation in order to remain on probation. Additionally, nothing in the record before us indicates that those conditions were reduced to writing and given to D.D. Rule 27.1, its Committee Comments, and Rule 27.6(e) are specific in requiring that the conditions be in writing, and the provisions explain the policy considerations behind such a requirement. Thus, even assuming that the oral instruction was sufficiently specific to inform D.D. of the requirement, the oral instruction was insufficient to fulfill the requirements of Rules 27.1 and 27.6(e).
Additionally, nothing in the record indicates that D.D.’s probation was revoked based on his having committed a new criminal offense, which is an implicit condition to remaining on probation that need not be expressed in writing. See Pettway v. State, 628 So.2d 1066, 1067 (Ala.Crim.App.1993) (“A condition implicit in every probationary sentence is that the defendant, ‘while under such sentence, will not commit another criminal offense.’ ”) (quoting Wilcox v. State, 395 So.2d 1054, 1056 (Ala.1981)). That is, D.D. was neither charged with possession of marijuana, nor had he been advised that “regardless of the outcome of the revocation hearing, [he could] still [have been] held for that offense and that any statement made by the probationer at the hearing [could have been] used against [him] at a subsequent proceeding or trial,” as is required in such a case under Rule 27.6(d)(2), Ala. R.Crim. P.
“It would be pointless to remand this case to determine whether [the probationer] was given a written order of probation, when the record persuades us that he was not.” Byrd v. State, 675 So.2d 83, 84 (Ala.Crim.App.1995).
For the reasons stated above, the trial court’s order revoking D.D.’s probation is reversed, and the case is remanded.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., concurs in the result.

. It is unclear from the record which charge underlay the adjudication of delinquency.

. The record reflects that, at his sentencing hearing, D.D. was not informed that he would have to pass a drug test in order to be placed on probation. This is true although, at the revocation hearing, the trial court claimed that at the sentencing hearing it had asked D.D. whether he could pass a drug test, and D.D. had stated that he could pass a drug test if one were administered. Although the trial court stated during the revocation hearing that this was its policy, according to the record of the sentencing proceedings in D.D.’s case, no such exchange occurred.