WISE, Judge.
The appellant, William Grant Owens, appeals from the revocation of his probation. On December 3, 2003, Owens pleaded guilty to criminal trespass in the third degree. Owens’s sentence was suspended and he was ordered to serve one year’s imprisonment followed by two years’ probation. Owens was also ordered to pay a $25 fine and court costs. At sentencing, the court scheduled a payment-review hearing for March 13, 2003. Owens failed to appear for this hearing and a warrant was issued for his arrest. Additionally, on February 26, 2003, Probation Officer Wilbur Johnson, Jr., filed a report on Owens stating that Owens had failed to report since December 16, 2002, and that he had failed to pay his fines and court costs. On May 15, 2003, Owens was arrested. After a hearing on June 3, 2003, his probation was revoked for failing to report and for failing to pay fines and court costs. On June 24, 2003, Owens filed a motion to reconsider the revocation of his probation, alleging that the court’s order of revocation was based solely on hearsay and that he had not received a written copy of the rules and regulations of his probation and that, therefore, his probation should not have been revoked. On July 1, 2003, the trial court denied the motion to reconsider, although the record reveals, and the State admits, that Owens never received written notice of the conditions of his probation (R. 23-31). This appeal followed.
On appeal, Owens argues (1) that “the trial court’s order is inadequate in that the only evidence relied upon in revoking the appellant’s probation was hearsay” and (2) that “the trial court may not revoke the probation where the probationer has not been instructed in the rules and regulations of probation and has not received a written copy of the conditions of probation.”
Rule 27.1, Ala. R.Crim. P., provides, in pertinent part:
“[A]ll conditions of probation must be incorporated into a court’s written order of probation, and a copy thereof must be given to the probationer. In addition, the court or probation officer shall explain to the probationer the purpose and scope of the imposed conditions and regulations and the consequence of probationer’s violation of those conditions and regulations.”
Additionally, the Committee Comments to Rule 27.1 provide, in pertinent part:
“[Pjroviding the probationer with both a written copy of imposed conditions and regulations and an explanation thereof aids in the reinforcement of the probationer’s understanding of probation. The rule should alleviate the court’s and the probation officer’s supervisory burden by eliminating some unnecessary viola *1017 tions caused by probationer’s lack of understanding.”
Finally, Rule 27.6(e) provides:
“[I]f the court finds that a violation of the conditions or regulations of probation or instructions occurred, it may revoke, modify, or continue probation. Probation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation.”
The rule that a probationer is to receive a written copy of the conditions or regulations of probation is mandatory. See Byrd v. State, 675 So.2d 83 (Ala.Crim.App.1995); D.D. v. State, 855 So.2d 1135 (Ala.Crim.App.2003).
Because we remand this cause based on the fact that Owens’s probation was revoked in violation of Rule 27.6(e), we pre-termit discussion of his other argument on appeal.
Based on the foregoing, we remand this case for the circuit court to clarify whether it complied with Rule 27.1, Ala. R.Crim.P., by giving written notice to Owens that immediate payment of filies and costs as well as reporting to his probation officer are both material conditions of his probation. If the court determines that Owens’s probation was revoked in violation of Rule 27.1, Ala.R.Crim.P., it shall reinstate Owens’s probation and provide him with a written copy of the conditions of probation, including the prescribed due date for the payment of all fines, costs, and restitution as well as appointments with his probation officer. The trial court shall take the necessary actions to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of this release.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.