KELLUM, Judge.
*1168 Barbara Partin Grice appeals the trial court's order partially revoking her probation.
The record indicates that, in March 2016, Grice pleaded guilty in federal court to possession of a firearm in a school zone and was sentenced to 36 months' imprisonment followed by 36 months' probation. Grice was in state custody at the time of her federal plea and did not begin serving her federal sentence at that time. On September 19, 2016, Grice pleaded guilty in state court to making a terrorist threat, after which she was released from state custody to begin serving her federal sentence. On October 5, 2016, Grice was sentenced in absentia to 10 years' imprisonment, that sentence was split, and she was ordered to serve two years in confinement, followed by probation. The sentence was to run concurrently with her federal sentence. In October 2017, Grice was released from federal prison.
In February 2018, Grice's state probation officer filed a delinquency report alleging that Grice had failed to comply with the terms and conditions of her state probation by failing to report to the probation officer, failing to pay court-ordered moneys, and failing to report to a court-referral officer. On April 25, 2018, the trial court conducted a probation-revocation hearing.
At the hearing, Charles Flowers, Grice's state probation officer, testified that, after Grice was released from federal prison in October 2017, she did not report to him, did not contact the court-referral officer, and made no payments on her court-ordered moneys. However, Flowers also testified that the probation order setting out the terms and conditions of Grice's probation was not signed by Grice.[1] The State introduced into evidence electronic-filing notices that stated that a "matter" had been filed on October 20, 2016, but that did not identify what the "matter" was, and that indicated that notice of the filing had been sent to, among others, Grice at an address in Foley, and her trial counsel via e-mail. (C. 21-26.) The State asserted, and Grice did not dispute, that these notices related to the probation order setting out the terms and conditions of Grice's probation.[2]
Grice testified at the hearing that she was released from federal prison in October 2017 and that she immediately began reporting to her federal probation officer. Grice said that she did not recall receiving notice of the terms and conditions of her state probation, from either the court or her attorney, and that had she known she was supposed to report to a state probation officer, she would have done so. Grice said that her federal sentence and her state sentence were to run concurrently and that she thought she "was doing it all together." (R. 13.) Grice introduced into evidence a letter from the federal probation office indicating that she had been in full compliance with her federal probationary terms since her release from custody. Grice also testified that, although she was living at the Foley address listed on the electronic-filing notice at the time of the crime, she had not lived there since then, and when asked if she had notified the *1169 court of her address change, she stated that her daughter had contacted her attorney and that she was "sure it was done." (R. 16.)
Albany Silkwood, Grice's daughter, testified that, if she or her mother had known that Grice had additional terms of probation related to her state conviction, Grice would have complied with those terms. In addition, Silkwood testified that when Grice turned herself in for the probation violations, two weeks before the revocation hearing, she immediately paid all of Grice's court-ordered moneys and provided proof of payment to the state probation office.
The State requested that Grice's probation be partially revoked and that she be ordered to serve 30 days in confinement. Grice argued, among other things, that her probation could not be revoked because, she said, she was never served with the written probation order setting out the terms and conditions of her probation. At the conclusion of the hearing, the trial court partially revoked Grice's probation, ordering Grice to serve 45 days in the county jail for failing to report to her probation officer, failing to pay court-ordered moneys, and failing to report to a court-referral officer.
On appeal, Grice argues that the trial court erred in partially revoking her probation because, she says, she was never served with a copy of the probation order setting out the terms and conditions of her probation. The State argues, on the other hand, that the record establishes that the probation order was served on Grice's trial counsel and that service on counsel is sufficient. Alternatively, the State argues that the record is, at most, ambiguous as to whether Grice received a copy of the probation order because, it says, Grice never "claimed unequivocally" that she did not receive a copy of the probation order but testified only that she could not remember receiving it. (State's brief, p. 11.)
Rule 27.1, Ala. R. Crim. P., provides, in relevant part:
"All conditions of probation must be incorporated into a court's written order of probation, and a copy thereof must be given to the probationer. In addition, the court or probation officer shall explain to the probationer the purpose and scope of the imposed conditions and regulations and the consequence of probationer's violation of those conditions and regulations."
The Committee Comments to that rule state, in relevant part:
" Rule 27.1 is designed to reinforce the probationer's understanding of this new status and the expectations of the court. Providing the probationer with both a written copy of imposed conditions and regulations and an explanation thereof aids in the reinforcement of the probationer's understanding of probation. The rule should alleviate the court's and the probation officer's supervisory burden by eliminating some unnecessary violations caused by probationer's lack of understanding."
The requirement that a probationer receive a written copy of the terms and conditions of probation is mandatory. See, e.g., Byrd v. State, 675 So.2d 83 (Ala. Crim. App. 1995). Rule 27.6(e) specifically provides that "[p]robation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation."
We reject the State's argument that service of a probation order on trial counsel is sufficient to comply with Rule 27.1. The rule is clear that a copy of the probation order must be provided to the probationer. To allow service on trial counsel and not the probationer would defeat the purpose of ensuring that the probationer understands the terms and conditions *1170 of probation with which the probationer -- not trial counsel -- must comply.
We likewise reject the State's argument that the record is, at most, ambiguous as to whether Grice received a copy of the probation order. Although the State is correct that Grice never "claimed unequivocally" that she did not receive a copy of the probation order, she testified at the hearing that she had no recollection of receiving a copy of the probation order from the State or from her attorney and that, had she received the probation order and/or been informed of the terms and conditions of her probation, she would have complied with them as she had with the terms and conditions of her federal probation. She also testified that she thought because her federal and state sentences were to run concurrently that she "was doing it all together." (R. 13.) In addition, Flowers testified that the probation order was not signed by Grice and, as noted, the electronic-filing notice introduced by the State indicates that the probation order was sent to Grice at an address in Foley on October 20, 2016, after Grice had been transferred to federal prison. Thus, that notice does not establish that Grice was served with a copy of the probation order. Based on the whole of the evidence presented at the hearing, it is clear that Grice never received a written copy of the probation order as required by Rule 27.1.
We agree with Grice that Rule 27.1 was designed to prevent precisely the type of misunderstanding that occurred here. Providing Grice with a copy of the written probation order would have cured Grice's lack of understanding that she had obligations under her state sentence in addition to the obligations under her federal sentence. Moreover, "[i]t would be pointless to remand this case to determine whether [Grice] was given a written order of probation, when the record persuades us that [s]he was not." Byrd, 675 So.2d at 84. Because Grice did not receive a copy of the probation order as required by Rule 27.1, the trial court's partial revocation of her probation violated Rule 27.6(e).
Based on the foregoing, the judgment of the trial court is reversed and this cause remanded.
REVERSED AND REMANDED.
Windom, P.J., and Welch and Joiner, JJ., concur.

That order is not included in the record before this Court.

We recognize that " '[s]tatements of counsel to the court are not evidence.' " DeBruce v. State, 651 So.2d 599, 608 (Ala. Crim. App. 1993), aff'd, 651 So.2d 624 (Ala. 1994) (quoting Evans v. State, 341 So.2d 749, 750 (Ala. Crim. App. 1976) ). However, because Grice does not dispute that the notices related to the probation order, for purposes of this appeal, we accept the State's assertion.